ANDREW CROSBY, PLAINTIFF, v. FANNY W. CROSBY, DEFENDANT.

(Filed 13 December, 1967.)

**1. Divorce and Alimony § 23—**

The court in a divorce action acquires jurisdiction to determine the custody and maintenance of the children of the marriage, both before and after final decree of divorce, and will determine the question of custody in the light of the paramount welfare of the children.

**2. Same—**

The order directing the husband to make payments for the support of the minor children of the marriage is *res judicata* only so long as the facts and circumstances remain the same, and the decree is subject to alteration upon change of circumstances affecting the welfare of the children, and the ability of the father to meet the need for such support must also be considered.

**3. Same—  Evidence held insufficient to support order modifying order for support of child of the marriage.**

When a husband moves to vacate the original order directing him to make payments for the support of the minor child of the marriage, he has the burden of showing that circumstances have changed between the time of the order and the time of the hearing of his motion, and when his evidence discloses that at the time of the motion he had a larger weekly take-home pay than at the time the order was issued, his evidence that some three months after the order for support of the child was entered he acquired four additional children to whom he owes the duty of support, without further explanation, is insufficient to disclose a change of condition supporting an order that such payments should be vacated.

**4. Same;  Appeal and Error § 57—**

Where the court makes no detailed findings in support of its order vacating a prior order for support of the minor child of the marriage in a divorce action, and the evidence of record is insufficient to disclose a change of condition warranting a modification of the order, the cause must be remanded for specific findings.

APPEAL by defendant from order of *Johnston, J.,* filed 24 July 1967 in FORSYTH County Superior Court.

This case originated as a civil action for absolute divorce on the ground of one year's separation.

Defendant filed answer to her husband's complaint for divorce and prayed, *inter alia,* that plaintiff be ordered to pay to defendant

not less than $110.00 per month for the support of their minor child until the child became twenty-one years of age. An order was entered on 6 January 1966, ordering plaintiff to pay $25.00 per week to defendant for the support and maintenance of the minor child, until the child became twenty-one years old. Judgment in the divorce action was filed on 3 January 1966, granting plaintiff an absolute divorce from defendant. The order was modified on 1 March 1966, by ordering the payment to be made for the benefit of the minor child to be paid into the office of the Clerk of the Domestic Relations Court of Forsyth County, North Carolina.

Defendant filed motion on 3 April 1966 asking that plaintiff be ordered to show cause why he should not be held in contempt and alleging in this motion that plaintiff was $235.00 in arrears in his payments under said order for child support. This order was issued. On 24 May 1967, plaintiff filed motion setting out that his circumstances had drastically changed and prayed that the order theretofore entered be vacated and either modified or eliminated. After hearing was held on plaintiff's motion, Judge Johnston entered an order dated 21 July 1967, which, in pertinent part, is as follows:

> ". . . it appearing that this is a Petition and Motion in the cause for a change of the orders heretofore entered requiring the plaintiff to pay support for a child who has finished one year of college and will be 20 years of age this year and requesting that the orders heretofore entered be changed based on the change of circumstances that now exists; and it further appearing from a consideration of the evidence and the arguments of counsel that the orders of the court heretofore entered requiring the said plaintiff to make such payments shall be and the same are hereby vacated as of this date. . . ."

Defendant excepted to the failure of the court to find any facts in support of its order and to the entry of the order and gave notice of appeal.

*Hayes and Hayes and W. Warren Sparrow for plaintiff.*
*Randolph and Drum for defendant.*

BRANCH, J. The question presented for decision is: Did the court sufficiently find facts, based on competent evidence of change of circumstances since entry of order for child support, to justify vacating said order?

When a divorce action is instituted, the court acquires jurisdiction over the children born to the marriage and may hear and determine questions as to the custody and maintenance of the children,

both before and after final decree of divorce. In the exercise of this jurisdiction the welfare of the child is of paramount consideration. *Story v. Story,* 221 N.C. 114, 19 S.E. 2d 136. G.S. 50-13.

It is generally recognized that decrees entered by our courts in child custody and support matters are impermanent in character and are *res judicata* of the issue *only so long as the facts and circumstances remain the same as when the decree was rendered.* The decree is subject to alteration upon a change of circumstances affecting the welfare of the child. *Thomas v. Thomas,* 248 N.C. 269, 103 S.E. 2d 371; *Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 2d 133; *Neighbors v. Neighbors,* 236 N.C. 531, 73 S.E. 2d 153.

In cases of child support the father's duty does not end with the furnishing of bare necessities when he is able to offer more, *Williams v. Williams,* 261 N.C. 48, 134 S.E. 2d 227, nor should the court order an increase in payments absent evidence of changed conditions or the need of such increase. Admittedly, the welfare of the child is the "polar star" in the matters of custody and maintenance, yet common sense and common justice dictate that the ultimate object in such matters is to secure support commensurate with the needs of the child and the ability of the father to meet the needs. *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487.

When plaintiff moved that the original order be vacated and either modified or eliminated, he assumed the burden of showing that circumstances had changed between the time of the order and the time of the hearing upon his motion. *Williams v. Williams, supra.*

In the instant case plaintiff's motion to vacate and modify or eliminate the order entered on 1 March 1966 is supported only by the motion itself and a statement made by plaintiff's counsel. Plaintiff's motion states that the child is capable of being self-supporting, and that he has offered to get her employment; that plaintiff has worked out a plan to pay her college tuition; that plaintiff had two jobs when the original order was entered, but is no longer able to continue with two jobs; that he is now supporting four other children. The statement made by plaintiff's counsel was that at the time of the hearing on plaintiff's motion his weekly take-home pay was $88.17. The original order found that his weekly take-home pay was approximately $75.00.

It is apparent that plaintiff's conclusion that the child is self-supporting and his allegation that he has worked out a plan to pay her college tuition do not show material change of circumstances affecting the child's welfare. The statement made by plaintiff's counsel shows a circumstance unfavorable to plaintiff's contention, since it shows an increase in his ability to pay since the entry of the original order.

The most provocative of plaintiff's contentions is that he now supports four other children. He was married to defendant in August 1941, and the youngest child born to that marriage was 19 years old at the time of the hearing on his motion. Plaintiff obtained his divorce from defendant on 3 January 1966, and the record sheds no light on how plaintiff acquired four children to whom he owes the duty of support since January 1966.

The case of *Sayland v. Sayland,* 267 N.C. 378, 148 S.E. 2d 218, is a case in which the husband filed a motion in the cause asking that he be relieved of his obligation to pay alimony which had been imposed by consent judgment in action commenced under G.S. 50-16 because, among other things, he had remarried and assumed additional obligations. The court, *inter alia,* stated:

"Payment of alimony may not be avoided merely because it has become burdensome, or because the husband has remarried and voluntarily assumed additional obligations. However, any considerable change in the health or financial condition of the parties will warrant an application for change or modification of an alimony decree, and 'the power to modify includes, in a proper case, power to terminate the award absolutely.' "

The principles enunciated in *Sayland* would apply with equal force to a motion seeking to vacate an order for child support. Certainly, without further explanation, plaintiff in this case cannot rely on his allegation that he is now supporting four other children as a change of circumstances which would justify the vacation of the support order.

It is stated in *In re Housing Authority,* 233 N.C. 649, 65 S.E. 2d 761:

". . . the findings of fact . . . are sufficient to support the order . . . And since the evidence upon which the Utilities Commission made its findings of fact is not brought forward, it will be presumed that there was competent evidence to support its findings, . . ." (Citing cases.)

This presumption would not apply here because there was not sufficient findings of fact.

The court's findings of fact as to the care and custody of children will not be disturbed when supported by competent evidence, even though the evidence be conflicting. *Tyner v. Tyner,* 206 N.C. 776, 175 S.E. 144; *In Re Hamilton,* 182 N.C. 44, 108 S.E. 385.

However, when the court fails to find facts so that this Court can determine that the order is adequately supported by competent

evidence and the welfare of the child subserved, then the order entered thereon must be vacated and the case remanded for detailed findings of fact. *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324.

It may be that all the circumstances do not appear in the record, but as the record stands, neither the record nor the findings of fact are sufficient to show that the order is adequately supported by competent evidence.

The order entered by the trial court is vacated and this cause is remanded to the Superior Court of Forsyth County for more detailed findings of fact as to change of circumstances affecting the welfare of the child, and for the entry of proper orders.

Error and remanded.