DORIS S. GRAY, WILLIAM MORRIS GRAY, APRIL GRAY, MINOR, BY AND THROUGH HER NEXT FRIEND, DORIS S. GRAY, MARY TORRENCE GRAY, MINOR, BY AND THROUGH HER NEXT FRIEND, DORIS S. GRAY, v. GEORGE A. GRAY, JR.

(Filed 20 March 1968.)

**1. Parent and Child § 5—**

A father is legally obligated to support his children until they reach the age of twenty-one years and cease to be dependent, or until they become emancipated by marriage or otherwise.

**2. Same—**

An order relieving the father from making payments to his former wife for the support of a daughter of the marriage' which is based upon a finding that the daughter has attained the age of 18 years, is erroneous in the absence of findings that the daughter has become emancipated by marriage or otherwise.

**3. Same—**

The court entered an order reducing a father's payments for the support of a minor daughter upon a finding from the evidence that the father's income had materially changed, but the court heard no evidence as to the needs of the daughter. The order further provided that, upon dissatisfaction of either party, a further hearing would be held to review defendant's income and the daughter's needs. *Held:* The order is vacated and the cause remanded for a hearing *de novo* on the father's motion to reduce support payments.

APPEAL by plaintiffs from *McLean, J.,* August 28, 1967 Regular Session of GASTON.

The record indicates that, prior to the hearing before Judge Mc-Lean, the events referred to below had occurred.

A separation agreement of February 25, 1955, executed by George A. Gray, Jr., and Doris S. Gray, recited that they were lawfully married; that they had four children, namely, George A. Gray, III, eleven years of age; William Morris Gray, nine years of age; April Gray, five years of age; Mary Torrence Gray, two years of age; and that they had agreed to live "separately and apart" from each other. It contained, *inter alia,* the following provisions: The sole and exclusive custody of the four children was awarded to Doris S. Gray. George A. Gray, Jr., was to have specified visitation privileges. George A. Gray, Jr., was to pay each calendar month "to the wife the sum of Four Hundred Dollars ($400.00) for the support of the wife and the four children of the marriage." These payments were to continue until the youngest of said children attained the age of eighteen (18) years. It was provided that "said payments shall not be diminished nor shall the husband be relieved of his responsibility to make said payments in the event of the granting of a divorce from bed and board or an absolute divorce upon application of either of the parties to this instrument, but the husband shall continue to make said payments without regard to his marital status with the wife, it being the intent and purpose of the husband and wife that the husband shall provide funds upon which the wife may maintain a home and have the means wherewith to support and maintain the children born of the marriage of the husband and wife." (Note: Provisions with relation to property settlement and insurance are omitted.)

George A. Gray, Jr., and Doris S. Gray were granted an absolute divorce in Nevada in October, 1958. The Nevada decree and also a judgment entered in the present action by Pless, J., in October, 1958, required defendant to make payments as provided in the separation agreement.

The 1958 judgment of Pless, J., was modified by a 1961 judgment of Craven, J., which was entered by consent of plaintiff's counsel and of defendant's counsel. The 1961 judgment bears the caption: *"Doris S. Gray and George A. Gray, III, minor, William Morris Gray, minor, April Gray, minor, and Mary Torrence Gray, minor, by and through their next friend, Doris S. Gray, Plaintiffs, vs. George A. Gray, Jr., Defendant."* It provides that defendant "shall pay into the office of the Domestic Relations Court of Gaston County, North Carolina, the sum of Two Hundred Dollars ($200.00) per month for the sole use, benefit, support and maintenance" of *three* minor children, to wit, William Morris Gray, April Gray and Mary Torrence Gray, "said funds to be disbursed to their mother, Doris S. Gray, and to be expended on behalf of said minor children."

On April 17, 1967, plaintiffs filed a motion that the 1961 judgment of Craven, J., be modified so as to increase the amount of the required payment. On May 1, 1967, defendant filed an answer to this motion. Plaintiffs' said motion and defendant's answer thereto were signed by their counsel. Neither was verified.

On May 5, 1967, after a hearing on the motion filed by plaintiffs on April 17, 1967, a judgment was entered by Judge Riddle providing, *inter alia,* that "the defendant shall pay into the office of the Clerk of the Superior Court for Gaston County, North Carolina, for the sole use, benefit, support and maintenance of his minor child, April Gray, the sum of $100.00 on the 15th day of May, 1967, and shall also thereafter pay into the office of said Court the sum of $100.00 per month on the first day of each June, July and August thereafter, and the sum of $200.00 per month on the first day of each September, October, November, December, January, February, March, April and May thereafter; and further, that said sums when paid by the defendant shall be paid over to Doris S. Gray, mother of April Gray, for the sole use, benefit, support and maintenance of said child *so long as said child is in the care and custody of said mother."* (Our italics.) The judgment contained an identical provision with reference to defendant's other minor child, namely, Mary Torrence Gray.

On August 11, 1967, defendant, asserting adverse changes in his circumstances, filed a motion that the court reduce the amount of the payments required by Judge Riddle's judgment of May 5, 1967. This motion was signed by counsel for defendant. It was not verified. The

hearing before Judge McLean on September 6, 1967, was on said motion filed by defendant on August 11, 1967.

The order entered September 6, 1967, by Judge McLean, after reciting the court had heard the evidence and had interviewed one of the daughters, April Gray, sets forth particular findings of fact as to adverse changes in defendant's circumstances since May 5, 1967. Judge McLean's order continues and concludes as follows:

"Upon the foregoing, the Court finds that the defendant's income has materially changed. The Court further finds as a fact that April Gray, as aforesaid, is eighteen years of age; that she was employed during the past summer months and earned a considerable amount of money, a portion of which she now has on hand; that she is planning on entering the University of North Carolina at Greensboro on September 7, 1967, and that her father has agreed with her and with the Court to bear all of the expenses of April Gray in college, vacation, or otherwise; that he prefers to deal directly with his daughter, April Gray, in furthering her education, and has agreed to do so. The Court further finds *that upon April Gray attaining the age of eighteen years that the defendant is not longer responsible for her upkeep and for that reason* and the other reasons heretofore stated that the father desires to take over her expenses and pay them himself directly to the college and bear her other expenses while in college or on vacation until she has completed her college course. The Court, therefore, makes no order for her maintenance and support except that the defendant need not pay to the mother any further monies for the maintenance, support and education of his daughter, April Gray. (Our italics.)

"The Court further finds as a fact that the defendant, after the separation of the defendant and Doris S. Gray, remarried and has two children of the second marriage; that his Honor J. Braxton Craven entered an order in January of 1961, requiring the defendant to pay $200.00 per month to the Next Friend, Doris S. Gray, for the then four minor children of plaintiff and defendant; that the two sons are now twenty-one years of age and over and have completed their college careers; that one son is a Captain in the Army in Germany and the other son has worked with his father during this past summer and has completed his college training. The Court further finds as a fact that the daughter, Mary Torrence Gray, is fifteen years of age and is in high school and while no evidence has been offered as to the specific needs of Mary Torrence, the Court finds as a fact that a reasonable amount under all the circumstances would approximate the sum of $125.00 and that this amount should be paid

to the mother of said child, Doris S. Gray, with whom she lives, pending the further orders of the Court.

"IT IS NOW, THEREFORE, ORDERED that the defendant pay in manner heretofore required to Doris S. Gray the sum of $125.00 for the months of September, October, November, and December, and that on the 2nd day of February, 1968, if either party is dissatisfied with the payments made to Doris S. Gray for and on behalf of Mary Torrence Gray, that by notice duly given, the parties appear before the Presiding Judge in order that the Court may review the income of the defendant at that time and the requirements of the minor child, Mary Torrence, and make such other and further orders as conditions may warrant."

Plaintiffs filed exceptions to designated findings of fact and to the court's failure to make findings of fact in accordance with plaintiffs' request. Plaintiffs excepted to the order and appealed.

*Mullen, Holland & Harrell and Thomas H. Morgan for plaintiff appellants.*

*Ernest R. Warren for defendant appellee.*

BOBBITT, J. During the pendency of this action, the two older children attained their majority. The present status of Doris S. Gray in this action is twofold, that is, as mother and also as next friend of the two minor children, April Gray (18) and Mary Torrence Gray (15).

The record indicates the provisions of the separation agreement of February 25, 1955, including the provision that Doris S. Gray was to have sole and exclusive custody of the *four* minor children and provide a home for them, were incorporated in the judgment entered herein by Pless, J., in October, 1958; and that, as contemplated, the children during minority have made their home with the mother. The record contains no order providing for a change in respect of the custody of April. Nor does it appear that April has left or has attempted to leave the home in which she has resided with her mother and sister.

Even if we assume April's college expenses will be provided for by her own earnings and by contributions made by her father directly to April or directly in payment of college expenses, as long as she is in the custody of her mother and makes her home with her mother and sister provision must be made for her support there, whether her actual residence there be occasional or continuous. Moreover, if there is to be a reduction in the amount defendant is required to pay for April's support when in the home with her mother

and sister because of her part-time residence at college, it would seem the court should incorporate in its judgment provisions spelling out, at least in substance, what the father is obligated to do rather than accept informal assurances as to his intentions and plans.

It appears affirmatively that Judge McLean's order was entered under the apprehension that defendant was "not longer responsible" for the "upkeep" of April after she attained "the age of eighteen years." This explains comments and findings in his order apparently based on informal conversations with April and with defendant. However, we are of opinion, and so decide, that Judge McLean's order in this respect is based on a misapprehension of the applicable law.

In *Wells v. Wells,* 227 N.C. 614, 44 S.E. 2d 31, Winborne, J., (later C.J.), for this Court, stated: "Ordinarily a child, in the eyes of the law, is in a condition to provide for his own maintenance when he has reached the age of twenty-one years, that is, has attained the status of majority. That age was arbitrarily fixed at common law for the termination of the child's minority, and the attainment of his majority, and the rule has remained in force throughout the United States." Quoting further from the opinion in *Wells:* "Hence, we hold that ordinarily the law presumes that when a child reaches the age of twenty-one years he will be capable of maintaining himself, and in such case the obligation of the father to provide support terminates." The precise holding in *Wells* was that a father is under legal obligation to continue to provide necessary support to his son *after* he reaches the age of twenty-one years when prior thereto and thereafter the son is insolvent, unmarried and incapable, mentally and physically, or earning a livelihood.

Citing *Wells,* Rodman, J., in *Ford v. Bank,* 249 N.C. 141, 105 S.E. 2d 421, states: "While a parent is under a legal as well as a moral obligation to support his minor children, that obligation normally terminates when the child reaches his majority and ceases to be dependent." In North Carolina, a child attains his or her majority when he or she reaches the age of twenty-one years. 3 Lee, North Carolina Family Law, § 229, p. 60.

In the recent case of *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77, the lower court, without making findings of fact as a basis for its order, vacated a prior order which required the father to pay $25.00 per week to the mother for the support of their nineteen-year-old daughter until she became twenty-one years old. The order was vacated by this Court and the cause remanded "for more detailed findings of fact." Underlying decision is the rule that ordinarily a father's obligation and responsibility for the support of his daughter

continues until she attains the age of twenty-one years. This rule will control decision herein in the absence of findings based on competent evidence that April has become fully emancipated by marriage or otherwise. See 3 Lee, *op. cit.,* § 233.

For the reasons stated, there was error in the portion of Judge McLean's order relating to the support of April.

With reference to the support of Mary Torrence, Judge McLean's order expressly states no evidence had been offered as to her specific needs. The order provided that if either party were dissatisfied on February 2, 1968, with this portion of the order, a further hearing would be conducted to "review the income of the defendant at that time" and the needs of Mary Torrence.

It seems appropriate to say there was evidence before Judge McLean sufficient to support his finding that defendant's income had "materially changed" between May 5, 1967, the date of Judge Riddle's judgment, and September 6, 1967, the date of Judge McLean's order. However, since the order as to April was entered under a misapprehension of the applicable law, and the order as to Mary Torrence was tentative and subject to full review in February, 1968, it seems appropriate that Judge McLean's order of September 6, 1967, be vacated in its entirety and that the cause be remanded for a hearing *de novo* on the motion filed by defendant on August 11, 1967, for modification of the judgment entered by Judge Riddle on May 5, 1967. It is so ordered.

Error and remanded.