LYNDA M. WALLER (NOW MOORE) v. DONALD R. WALLER

No. 7421DC16

(Filed 20 February 1974)

**Divorce and Alimony § 23— child support — no finding of changed circumstances or defendant's ability to pay — increase error**

    The trial court erred in granting plaintiff's motion to increase child support payments where there was no finding as to plaintiff's original child-oriented expenses and no finding that the needs of the children had increased, other than the unsupported finding that the children were older and thus their needs had substantially increased and no finding was made as to the defendant's expenses regarding his present family and his ability to pay the increased amount of child support.

APPEAL by defendant respondent from *Leonard, District Judge,* at the 18 May 1973 Session of FORSYTH District Court.

The plaintiff was granted an absolute divorce on 3 October 1966 and filed this motion in the cause for an increase in child support payments on 9 October 1972.

The plaintiff, Lynda M. Waller, (now Moore) and defendant, Donald R. Waller, were previously married for approximately one and one-half years during which time the defendant adopted two minor children: Randall Dwayne Waller, now 15 years of age, and Robin Denise Waller, now 12 years of age, who were born to plaintiff in a previous marriage. Subsequent to the divorce, defendant remarried. Subsequent to the divorce from the defendant, the plaintiff remarried twice, and is currently separated from her present husband.

The plaintiff, claiming an increase in the children's needs, made a motion to increase the support payments of the father's two adopted children from $108.00 to $300.00 per month. An order granting an increase to $45.00 per week was signed March 9, 1973. Upon the motion of defendant, a new trial on the motion was granted. Before the new trial, a memorandum to defendant's attorney was received from the Honorable Robert K. Leonard, Judge, stating he had tentatively decided to award $150.00 support per month, plus 12½ per cent of the annual bonus, if any. Upon objection by plaintiff's attorney, hearing was held on the 18th day of May, 1973. Eleven days later, Judge Leonard signed an order dated the 29th day of May, 1973, granting an award

for child support of $185.00 per month plus payment of $140.00 to cover an outstanding medical bill.

The defendant excepted to the second order signed on May 29, 1973 and gave notice of appeal.

*Pettyjohn and Frenck by H. Glenn Pettyjohn for plaintiff appellee.*

*Goodale and Daetwyler by David A. Daetwyler for defendant appellant.*

CAMPBELL, Judge.

The order of the trial court entered 29 May 1973 reads:

"THIS CAUSE, Coming on to be heard and being heard before the undersigned Judge of the District Court of Forsyth County, Twenty-First Judicial District, upon motion of the plaintiff for an increase in the support being paid for the two minor children of the plaintiff and defendant; and the court, having heard all of the evidence of the plaintiff and all of the evidence of the defendant, and finding that both parties are represented by counsel, finds that the defendant, Donald R. Waller, did adopt the two minor children, namely, Randall Dwayne Waller, born July 30, 1958 and Robin Denise Waller, born April 13, 1961, thereby relieving the natural father of the obligation to support said children; that the plaintiff and defendant are now divorced and that both parties have now remarried; and the court further finding that at the time of the previous agreement to pay $107.00 [sic] per month for the support of the two children the children have grown from ages seven and four to fifteen and twelve respectively, and that their needs have thereby substantially increased; that the children's share of the plaintiff's monthly expenses are as follows: Rent $125, Groceries $80, Transportation $10, Medical and Dental Expenses $12.00, Clothing $25, School Fees and Lunches $15.00, Medical and Life Insurance $20.00, and allowances for the children $25.00, a total of $312.00 expenses for said children per month. That said necessities for the children have substantially increased since the previous agreement eight years ago; that the children also have medical problems which require payment of medical expenses from time to time, and that

Waller v. Waller

$140.00 outstanding medical bill is now owing for the son, Randy; that the plaintiff needs additional support for said children on account of their substantially increased needs.

The court further finds that at the time of the previous agreement to pay $107.00 [sic] per month the defendant's income has increased from $400.00 per month to his present income of $15,711.00 gross in 1971, and $16,800.00 in 1972, the court finding that defendant's ability to support said children has increased substantially.

NOW, THEREFORE, IT IS ORDERED That the defendant pay into the office of the Clerk of Superior Court of Forsyth County for the support of the two minor children, namely, Randall Dwayne Waller, and Robin Denise Waller, the sum of $185.00 per month, $92.50 per child, beginning on the 1st day of June, 1973, and continuing thereafter until the children are emancipated, or until further orders of this court. IT IS FURTHER ORDERED That the defendant pay the $140.00 medical expense for the son Randy's allergy tests, payable directly to the wife.

IT IS FURTHER ORDERED That this award of support for said children supersedes and suspends all previous agreements and orders for support heretofore made or entered respecting said children.

This 29 day of May, 1973.

s/ ROBERT K. LEONARD
Judge Presiding "

The defendant's contention that there was no evidence and no finding of a "change in circumstances" must be sustained. By statute, G.S. 50-13.7(a), in order for a court to modify a support order, a change in circumstances must be shown. The only evidence presented by the plaintiff and found by the court was that the children had grown from ages seven and four to fifteen and twelve respectively, that the defendant's income had increased, and also included a skeleton list of the plaintiff's current child-oriented expenses. There was no finding of the plaintiff's original child-oriented expenses and no finding that the needs of the children had increased other than the unsupported finding that the children were older and thus their needs had substantially increased. No finding was made as to the defendant's expenses regarding his present family and no con-

sideration given to his ability to pay. Nor was any consideration given to the fact that part of defendant's income was a bonus which fluctuated from year to year.

We hold that this case is controlled by *Childers v. Childers*, 19 N.C. App. 220, 198 S.E. 2d 485 (1973) and by *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963). In *Fuchs v. Fuchs, supra*, the court stated:

> "[W]e hold that where parties to a separation agreement agree upon the amount for the support and maintenance of their minor children, there is a presumption in the absence of evidence to the contrary, that the amount mutually agreed upon is just and reasonable. We further hold that the court upon motion for an increase in such allowance, is not warranted in ordering an increase in the absence of any evidence of a change in conditions or of the need for such increase, particularly when the increase is awarded solely on the ground that the father's income has increased, therefore, he is able to pay a larger amount."

This case is remanded for further proceedings in accordance with this decision. We have reviewed defendant's other assignments of error and find them without merit.

Remanded.

Judges HEDRICK and BALEY concur.