MARGARET M. GILMORE v. JOHN HORACE GILMORE

No. 787DC863

(Filed 7 August 1979)

1. **Divorce and Alimony § 24.8— child support—changed circumstances not shown —reduction improper**

   The trial court erred in decreasing the amount of child support payments required of defendant by one-third where defendant's showing of changed circumstances related almost exclusively to the additional expenses to which defendant had obligated himself, including sending a child who had reached majority to college, the expenses of a new home and family, and additional travel and telephone expense incident to visiting his children from out of State; defendant made no showing with respect to changed circumstances affecting the remaining minor children; and defendant made no showing that the expenses relating to the children's maintenance and support decreased by one-third when one of the children reached majority.

2. **Divorce and Alimony § 27— child support and alimony—reduction sought— award of attorney's fees properly denied**

   The trial court did not abuse its discretion in denying plaintiff attorney's fees to defray the expense of resisting defendant's motion for reduction in alimony and child support payments since there was no finding by the court that plaintiff was unable to defray the expense of the suit, nor did the evidence compel such a conclusion, and since there was no finding that defendant refused to provide adequate support at the time the motion was made.

APPEAL by plaintiff from *Matthews, Judge.* Judgment entered 24 May 1978 in District Court, NASH County. Heard in the Court of Appeals 21 May 1979.

This appeal is from an order entered upon a motion in the cause to decrease alimony and child support payments to which defendant became obligated as the result of an absolute divorce decree entered 16 June 1976. In the suit for absolute divorce, defendant was determined to have abandoned plaintiff and their three minor children. Plaintiff then was awarded $500 per month in alimony, custody of the children, and $500 per month in child support and maintenance. Defendant at that time enjoyed a net income of $1,536.73 per month. The residence belonging to the parties as tenants by the entirety was awarded to plaintiff until the youngest child reaches majority, or enters college, whichever occurs first. Payments on the house, then amounting to approximately $282 per month, were to be paid from the support and alimony payments. Defendant was ordered to pay all major

repairs on the residence and to be reimbursed therefor upon sale of the house. The decree obligated defendant to pay all hospital, medical, and dental expenses, and he was ordered to maintain life insurance benefits of at least $47,000 until the youngest child reaches age 25 or completes her higher education.

Defendant initiated this action 3 April 1978 in the form of a motion in the cause to reduce child support and maintenance payments. Defendant alleges simply that John Horace Gilmore, Jr., the oldest child, attained his majority since entry of the original judgment on 7 November 1977; that defendant's needs and obligations have substantially increased; and that plaintiff's earnings and earning ability have substantially increased. He prayed for a one third reduction in support payments, retroactively effective on 7 November 1977, a decrease in alimony payments, and a similar one third decrease in support effective upon the majority of the second eldest child. In support of the motion, defendant submitted an affidavit reiterating the allegations in the motion and further alleging that he has incurred and will continue to incur the expense of between $3,000 and $4,000 per year for tuition and expenses of his eldest child, John Horace Gilmore, Jr., who attends the University of Virginia. He testified at trial that these expenses have made it necessary for him to withdraw $1300 from his savings, to borrow $1,000 against his life insurance, and to spend $900 out of his current income. He anticipated that he would have to further deplete his savings and borrow on his life insurance to meet expenses for the upcoming year.

Defendant testified that when his eldest son, John, reached 18 years of age, he requested a $150 reduction in support. Plaintiff agreed to accept only a $75 reduction. He also testified that his son, William, helped pay his own expenses with a job paying $60 every two weeks. Defendant testified that he has more living expenses now because of his transfer to South Carolina. Defendant testified that he now pays $210 in monthly rent as opposed to the $100 monthly rent paid in Rocky Mount, and that living in South Carolina now makes it expensive for him to keep in touch with and visit his children. On re-cross examination, defendant admitted that his gross monthly income was $3,145 at the time of the hearing, and that this amounted to $37,740 gross income per year. The court found his net monthly income to be $1,928.35. Defendant admitted that his alimony payments were tax deductible,

and that he claims all three children as dependents for purposes of determining his liability for income tax.

Plaintiff's response to the motion and evidence at the trial tended to show that the $75 per month reduction in child support agreed to by her adequately represented the change of circumstances occasioned by the eldest child's majority. She contends that her expenses and those of supporting the two remaining minor children have substantially increased. While this has occurred, her house payments have increased to $303 per month, leaving $622 (after the $75 agreed to decrease in child support) per month for her children and herself. She testified that her lack of a college education and the needs of her minor children have precluded her from increasing her earnings, although she recently has begun work as a real estate salesperson. She testified that the $500 alimony payments are taxable to her as income. She testified that defendant's obligation should not be reduced because he has remarried. She contends that the defendant's wife is a skilled secretary who contributes substantially to help defray defendant's new household expenses. Plaintiff alleges that her automobile is badly in need of replacement; that the family has insufficient means with which to pay the costs of defending this action; and that this action initiated by defendant is frivolous. She prayed for denial of the motion, and reasonable attorney's fees pursuant to G.S. 50-13.6.

An order was entered 9 June 1978 finding facts and decreeing that there has been a substantial change of circumstances since entry of the decree of absolute divorce. The court ordered a one third decrease in child support, amounting to a $166 monthly decrease, effective 1 June 1978, and denied plaintiff's prayer for attorney's fees.

Plaintiff appeals assigning error to findings of facts and conclusions of law.

*Dill, Exum, Fountain and Hoyle, by Thomas G. Dill, for plaintiff appellant.*

*Early and Chandler, by John S. Williford, Jr., for defendant appellee.*

MORRIS, Chief Judge.

Prior to consideration of this action on the merits, we offer this observation concerning plaintiff's preparation of the Record on Appeal. Plaintiff has sufficiently set out in the record her exceptions to the judgment of the court. *See* North Carolina Rules of Appellate Procedure, Rule 10(b)(2). However, plaintiff has placed unnecessarily repetitious matter in the record. In the interest of economy of expense and judicial time, plaintiff should have set out her exceptions within the order as it properly appears in the record on pages 52 through 59. It was unnecessarily repetitious to reprint thereafter the entire order therein setting out the exceptions on appeal.

It is firmly established in this State that a decree of child support is not final, but is subject to modification upon a showing that the circumstances have so changed since the previous order as to justify a modification in the award. G.S. 50-13.7; *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77 (1967). The changed circumstances with which the courts are concerned are those which relate to child-oriented expenses. *See Waller v. Waller*, 20 N.C. App. 710, 202 S.E. 2d 791 (1974); *see also Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963) (change of circumstances affecting child or children). The burden is upon the party seeking the modification to establish the requisite change in circumstances. *Crosby v. Crosby, supra.*

[1] Defendant's showing of changed circumstances relates almost exclusively to the additional expenses to which he has obligated himself. These include the expenses of sending a child who has reached majority to college, the expenses of his new home and family, and the additional travel and telephone expense incident to visiting his children from out of State. Defendant has made no showing with respect to changed circumstances affecting the remaining minor children. He has made no showing that the expenses relating to their maintenance and support have decreased proportionately one third. Absent proof of this fact, it is impermissible to presume that such child-oriented expenses are proportionally divisible. The presumption, if any is appropriate at all, would be to the contrary in light of the fixed and indivisible costs of providing a home, and the varying requirements of the children. *Compare Friedman v. Friedman*, 521 S.W. 2d 111 (Tex.

Civ. App. 1975); *Cosgrief v. Cosgrief*, 126 N.W. 2d 131 (N.D. 1964); *Cooper v. Matheny*, 220 Ore. 390, 349 P. 2d 812 (1960).

We are not inadvertent to the statutory mandate that the court, when exercising its discretionary power to determine the appropriate amount of child support, shall consider the relative ability of the parties to provide support for dependent children. *See* G.S. 50-13.4. Indeed, the evidence in this record shows a rather substantial increase in the defendant's ability to pay child support, whereas defendant has not satisfied his burden to prove, as he alleged, that the plaintiff's earnings have substantially increased. Indeed, the evidence shows that defendant's present wife makes a substantial contribution to the household. Although defendant alleges that his needs and obligations have substantially increased, it is clear from the record that such obligations result primarily from (1) entering into another marital and family relationship, and (2) assuming the obligation of providing for the expense of sending his eldest son to the University of Virginia. Both increases in expenses were voluntarily assumed additional obligations which, although they may render the child support payments more burdensome, do not justify a reduction in such payments. *See Crosby v. Crosby, supra* (child support payments); *Sayland v. Sayland*, 267 N.C. 378, 148 S.E. 2d 218 (1966) (alimony payments). The fact that defendant voluntarily has assumed the financial burden to send his eldest child to a high-tuition, out-of-state university does not justify the court in considering this factor in lowering child support payments. *See Crouch v. Crouch*, 14 N.C. App. 49, 187 S.E. 2d 348 (1972), *cert. denied*, 281 N.C. 314, 188 S.E. 2d 897 (1972). *Cf. Briggs v. Briggs*, 312 So. 2d 762 (Fla. App. 1975); *West v. West*, 131 Vt. 621, 312 A. 2d 920 (1973); *Crane v. Crane*, 45 Ill. App. 2d 316, 196 N.E. 2d 27 (1964). *See generally Annot.*, 56 A.L.R. 2d 1207 (1957).

[2] Plaintiff contends that she is entitled to attorney's fees to defray the expense of resisting defendant's motion for reduction in alimony and child support payments. An award under either G.S. 50-13.6 for "reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit" or under G.S. 50-11(c) and G.S. 50-16.4 applying the doctrine of *Shore v. Shore*, 15 N.C. App. 629, 190 S.E. 2d 666 (1972), is appropriate upon a finding by the trial court in the exercise of its discretion that the plaintiff is unable to defray the ex-

pense of the suit. There is no such finding by the trial court, and the evidence does not compel such a conclusion. The trial court's exercise of its authority to grant or disallow attorney's fees, when properly exercised in accordance with statutory requirements, must stand. *Stanback v. Stanback*, 287 N.C. 448, 215 S.E. 2d 30 (1975). There is no showing of an abuse of discretion. Moreover, the court did not find, as it must do before ordering defendant to pay attorney's fees under G.S. 50-13.6, that the defendant refused to provide adequate support at the time the action was instituted. In fact, the trial court specifically found to the contrary. The fact that plaintiff voluntarily had agreed to a $75 per month reduction of support payments substantiates that finding.

That part of the order of the trial court decreasing by one third the amount of child support payments is reversed. That part of the order denying plaintiff attorney's fees for the expense of defending the motion is affirmed.

Reversed in part; affirmed in part.

Judges HEDRICK and WEBB concur.