MARIE BOWERS WILLIS v. EARL T. BOWERS

No. 814DC635

(Filed 2 March 1982)

**Divorce and Alimony § 24.8— modification of child support order not supported by evidence**

An order increasing child support payments by defendant to plaintiff from $75 per month to $380 per month was not supported by the findings. There was no finding of plaintiff's original child-oriented expenses, no finding that the needs of the children had increased other than the unsupported finding that the children were older and thus their needs had escalated, no finding as to defendant's expenses and no consideration was given to his ability to pay. Further, a finding that plaintiff's earning capacity had been reduced to nothing was not supported by the evidence.

APPEAL by defendant from *Martin, Judge.* Judgment entered 17 February 1981 in District Court, ONSLOW County. Heard in the Court of Appeals 11 February 1982.

Plaintiff and defendant were divorced on 11 August 1971 in Florida, and their divorce decree incorporated a separation agreement whereby defendant agreed to pay $75.00 per month for each of his two children until they attained the age of 21 and alimony of $150.00 per month to his wife until she remarried.

On 22 July 1980 plaintiff filed a complaint seeking from defendant increased support in the amount of $450.00 per month per child, their dental and medical expenses in excess of military benefits and plaintiff's attorneys fees. The trial court ordered the defendant to pay $380.00 per month for each child's support and to pay any hospital, medical and dental expenses in excess of military benefits.

*Earl C. Collins for the plaintiff-appellee.*

*Brumbaugh and Donley by Clay A. Brumbaugh for the defendant-appellant.*

MARTIN (Robert M.), Judge.

The conclusions of law in the order of the trial court entered 17 February 1981 read in pertinent part as follows:

10. That there has been a substantial change in circumstances with respect to the financial position of both Plaintiff and Defendant and the needs of the children since the original Judgment for support in 1971.

11. That since 1971, Defendant's pay and allowances have increased by some $1,500 per month, and Plaintiff's earning capacity has been reduced to nothing. In the nine years since 1971, both children have grown into teenagers with a commensurate increase in their physical, social and educational needs.

12. That the $75.00 per month per child support ordered by the Court in 1971 for the minor children's support is inadequate to provide for their basic necessities in 1981 and later years.

The defendant's contention that there was no evidence and no finding of a "change in circumstances" must be sustained. N.C. Gen. Stat. § 50-13.7(a) provides that in order for a court to modify a support order, a change in circumstances must be shown. The only evidence presented by plaintiff and found by the court is that the children have grown into teenagers, that the defendant's income has increased, and the evidence also included a list of the expenses of the plaintiff's entire five-person household. There was no finding of the plaintiff's original child-oriented expenses and no finding that the needs of the children had increased other than the unsupported finding that the children were older and thus their needs had escalated. No finding was made as to defendant's expenses regarding his present family and no consideration was given to his ability to pay, apart from his gross salary. *See Waller v. Waller*, 20 N.C. App. 710, 202 S.E. 2d 791 (1974).

The court found that plaintiff's earning capacity had been reduced to nothing. This finding, however, is not supported by

the evidence. Evidence of plaintiff's ability or inability to work was offered in this testimony of plaintiff:

> I started working immediately after the separation and worked until I moved here to Jacksonville. Six or seven months prior to moving to Jacksonville, I was in an accident which may have resulted in my leg being 5/8ths inch shorter than the other and which causes me pain when I have to sit for long periods of time. It is very uncomfortable for me to sit at a desk. Because of this I quit my employment just before moving to Jacksonville and I have not been employed since moving here. I tried to get a job at the hospital in April but the pay they offered made it uneconomical for me to take it. . . .

> I worked at my old job until January 19, 1980. I arrived here on January 20, 1980. Prior to arriving we purchased a house in both our names. The children are not on the title of the house. My present husband and I were married on July 12, 1980.

This testimony indicates that plaintiff was able to work for six or seven months following her accident, that she stopped working the day before she moved to North Carolina, and that she had considered working in North Carolina but found the salary offered too low. Normally the amount a father should pay for the support of his children is a matter for the trial judge's determination, reviewable only in case of an abuse of discretion. *Teague v. Teague*, 272 N.C. 134, 157 S.E. 2d 649 (1967). Here, however, the exercise of such discretion was based in part on a material finding of fact not supported by the evidence. We cannot say that this erroneous finding did not affect the actions of the trial judge when he increased the defendant's monthly payments. *Allen v. Allen*, 7 N.C. App. 555, 173 S.E. 2d 10 (1970). In fact, the remainder of the findings of fact was not sufficient to establish a change in circumstances.

The evidence presented in this case did not support a finding that the plaintiff had no earning capacity. The remainder of the findings of fact did not support the court's conclusion that a substantial change in circumstances justified an increase in defendant's monthly child support payments. The order appealed

from is vacated and this case is remanded for further proceedings in accordance with this decision.

Vacated and remanded.

Judges WEBB and WELLS concur.