INGRID HANCOCK ASHER v. EDWARD HALL ASHER

No. 839DC304

(Filed 21 February 1984)

**Divorce and Alimony § 24.5— modification of support order—changed circum-stances not known at time of original order**

In an action for modification of child support, summary judgment for defendant husband was improperly granted where there was a material fact in issue as to whether plaintiff's income was known at the time of the original consent order.

APPEAL by plaintiff from *Senter, Judge.* Judgment entered 1 December 1982 in District Court, VANCE County. Heard in the Court of Appeals 14 February 1984.

Plaintiff and defendant are parents of two minor children who reside with the plaintiff mother in North Carolina. Defendant father lives in Maryland and supports the children under a Uniform Reciprocal Enforcement of Support Act (hereinafter URESA) judgment entered in Montgomery County, Maryland, on 7 July 1981, paying $400.00 to the mother monthly. Plaintiff by instituting this action in North Carolina seeks an increase in the monthly support payment from defendant based on changed circumstances. The trial judge made findings of fact including the following:

10. Plaintiff alleges in her complaint the following alleged changes of circumstances occurring since entry of the order of support dated July 7, 1981.

(a) Decrease of plaintiff's income due to loss of a part time job.

(b) Need to have orthodonic [sic] work performed on one of the children.

(c) Medical expenses arising from an operation performed on one of the children.

The trial judge concluded there was no change of circumstances since the first judgment was entered in Maryland, and entered an order granting summary judgment to the defendant. Plaintiff appeals.

*Michael B. Sosna for plaintiff appellant.*

*Perry, Kittrell, Blackburn & Blackburn by George T. Blackburn, II for defendant appellee.*

HILL, Judge.

The sole issue is whether the trial court erred in granting defendant's motion for summary judgment. Plaintiff's contention that summary judgment was improperly granted is based on there being a material fact in issue: whether plaintiff's income was known at the time of the consent order in the URESA action. We agree and find that summary judgment was improperly granted.

The original judgment requiring support was entered in Maryland on 7 July 1981. The action for increased support was instituted in North Carolina on 1 December 1981. Plaintiff's action is grounded in a change of circumstances occurring since 7 July 1981. Defendant contends the changes relied upon by the plaintiff occurred prior to 7 July 1981, and by his affidavit seeks to show that the reduction in plaintiff's income occurred on 20 May 1981, and the need for orthodontic work for one of the children was known to the plaintiff or revealed in her URESA affidavit filed 9 March 1981. Both alleged changes of circumstances had taken place prior to 7 July 1981 and were set forth in plaintiff's answers to interrogatories and her affidavit. Only those changes which occur subsequent to the order of support can qualify for the change of circumstances necessary to amend the original award. *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967).

On the other hand, plaintiff in her affidavit contends the loss of this income was not known to the Assistant State's Attorney

for Montgomery County, Maryland, at the time she approved the consent agreement on plaintiff's behalf, nor was this information available to the judge who entered the order on 7 July 1981. The answers to the interrogatories showing termination of plaintiff's employment in May 1981 are dated and sworn to 9 July 1981, the same day the consent order was being signed by the defendant and the Assistant State's Attorney on behalf of the plaintiff in Maryland. A further exhibit introduced into evidence revealed that the answers to the interrogatories were not sent to Maryland until 10 July 1981. Hence, it is possible that the information contained therein was not known to the Maryland authorities at the time the consent order was signed. It is probable the judge relied on the consent order in making his order on 7 July 1981. Therefore, a genuine issue of fact is raised as to whether plaintiff's income was available and known at the time the order was signed on 7 July 1981. It is elementary that a motion for summary judgment should not be granted where a genuine issue of material fact exists. G.S. 1A-1, Rule 56(c). For this reason the judgment of the trial judge is reversed, and the case remanded for trial.

Based on our decision herein, we need not address plaintiff's remaining assignment of error at this time.

The judgment of the trial judge is

Reversed and the case remanded for trial.

Judges HEDRICK and EAGLES concur.