SUZANNE McDONALD SMITH, PLAINTIFF v. JOHN WILLIAM SMITH, II, DEFENDANT

No. 9026DC818

(Filed 16 July 1991)

**Divorce and Separation § 394 (NCI4th); Appeal and Error § 359 (NCI4th)— child support—findings insufficient—affidavit attached to brief—not part of record**

A child support order contained insufficient findings of fact as to the particular estates, earnings, conditions, and accustomed standard of living of both the child and the parents, and the affidavit regarding plaintiff's employment and earnings which she attached to her brief was not part of the record on appeal. Upon remand, the revised Child Support Guidelines must be used by the trial court. N.C.G.S. § 50-13.4(c); N.C. Rules of Appellate Procedure, Rules 9(a) and 11(b).

**Am Jur 2d, Divorce and Separation §§ 1035, 1039-1041.**

APPEAL by defendant from order entered 7 May 1990 by *Judge Marilyn R. Bissell* in MECKLENBURG County District Court. Heard in the Court of Appeals 18 March 1991.

Plaintiff and defendant were married on 19 December 1970. One child was born of the marriage on 25 August 1976. The parties subsequently separated and entered into a separation agreement on 10 April 1980. This agreement was not incorporated into a court order. In the agreement, plaintiff was given custody of the

SMITH v. SMITH

[103 N.C. App. 488 (1991)]

child and defendant agreed to pay $350.00 per month in child support. On 23 March 1981, the parties were divorced in Mecklenburg County. On 23 May 1983, the parties agreed to amend the separation agreement by increasing defendant's child support payment from $350.00 to $400.00 per month.

On 3 October 1989, plaintiff filed a motion seeking inter alia an award of child support. Prior to the hearing of 30 October 1989, both parties filed financial affidavits. Defendant's affidavit reflected a gross monthly income of $5,276.00. Plaintiff's affidavit contained no information regarding her earnings or employment status. Accordingly, the order of 7 May 1990 made no findings of fact regarding plaintiff's earnings or employment status. Defendant was ordered to pay $914.13 per month in child support, to maintain medical and dental insurance at his place of employment covering the child, and to defray one-half of the child's uninsured medical expenses. Defendant appeals.

*Walker & Walker, by John G. Walker, for plaintiff-appellee.*

*Marshall H. Karro for defendant-appellant.*

EAGLES, Judge.

Appellant contends that the trial court erred in failing to make sufficient findings of fact as to the particular estates, earnings, conditions, and accustomed standard of living of both the child and the parents. We agree.

G.S. 50-13.4(c) provides:

> Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

To support its order, the trial court made the following findings of fact:

> 5. The level of support needed to meet the reasonable needs of the child for its [sic] health, education, and maintenance is no less than $914.13 per month.

6. The defendant's income is approximately $5,276 per month gross.

7. The defendant is capable of paying $914.13 per month for the partial support of the minor child born of the marriage.

8. The defendant has set up a Clifford Trust to provide $40,000 funds [sic] for the college education of the minor child born of the marriage.

Defendant contends that the trial court's findings of fact regarding the estates, earnings, conditions and accustomed standard of living of the plaintiff and the child were inadequate. We agree.

Initially, we note that the order contained no findings of fact regarding plaintiff's earnings or employment status. From the record, it is clear that the trial court failed to make adequate findings regarding the estates, earnings, conditions, and accustomed standard of living of the child and the parties as required by G.S. 50-13.4(c).

The statute requires that specific findings of fact be made with respect to the factors listed in the statute. *Greer v. Greer*, 101 N.C. App. 351, 355, 399 S.E.2d 399, 402 (1991); *Boyd v. Boyd*, 81 N.C. App. 71, 78, 343 S.E.2d 581, 585-86 (1986). These findings of fact give the appellate court a basis from which to determine whether the trial court gave "due regard" to these factors. *Id.* The importance of specificity in a trial court's determination of findings of fact was emphasized in *Coble v. Coble*, 300 N.C. 708, 712-14, 268 S.E.2d 185, 189-90 (1980):

> Under G.S. 50-13.4(c) . . ., an order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to "meet the reasonable needs of the child" and (2) the relative ability of the parties to provide that amount. These conclusions must themselves be based upon factual *findings* specific enough to indicate to the appellate court that the judge below took "due regard" of the particular "estates, earnings, conditions [and] accustomed standard of living" of both the child and the parents. It is a question of fairness and justice to all concerned. . . .
>
> . . . .
>
> Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated. Evidence must

support findings; findings must support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself. Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto. (Emphasis in original.)

Here the trial court's findings of fact are insufficient to support the order. "[W]hen the court fails to find facts so that this Court can determine that the order is adequately supported by competent evidence and the welfare of the child subserved, then the order entered thereon must be vacated and the case remanded for detailed findings of fact." *Crosby v. Crosby*, 272 N.C. 235, 238-39, 158 S.E.2d 77, 80 (1967).

In an effort to compensate for the absence of any findings by the trial court regarding plaintiff's employment and earnings, plaintiff attached to her appellate brief what she contends is the final page of her affidavit on which are listed her earnings and employment status. This page is not part of the record on appeal. While conceding the absence of the affidavit from the record, plaintiff contends that had this page not been before the trial court at the hearing, plaintiff's "financial affidavit would not have been accepted by the court as an affidavit, it being the page bearing the signature and oath of the plaintiff."

Rule 9(a) of the Rules of Appellate Procedure provides that "[i]n appeals from the trial division of the General Court of Justice, review is solely upon the record on appeal and the verbatim transcript of proceedings, if one is designated, constituted in accordance with this Rule 9." Additionally, Rule 11(b) of the Rules of Appellate Procedure states that "[i]f all appellees within the times allowed them either serve notices of approval or fail to serve either notices of approval or objections, amendments, or proposed alternative records on appeal, appellant's proposed record on appeal thereupon constitutes the record on appeal." Here the parties stipulated as to the record on appeal. The record to which plaintiff stipulated did not contain this page of the affidavit.

We note that the Child Support Guidelines have been revised, and those revisions govern orders entered after 1 July 1990. G.S. 50-13.4(c1) (1990 Cum. Supp.); A.O.C., Child Support Guidelines, AOC-A-162 (Rev. 7/90). *See Greer v. Greer*, 101 N.C. App. at 351, 352,

399 S.E.2d 399, 400 (1991). Upon remand, these guidelines must be used by the trial court. G.S. 50-13.4(c) (1990 Cum. Supp.).

The new guidelines specifically provide that they are to

apply as a rebuttable presumption to all child support orders in North Carolina, except as discussed below. The Guidelines must be used for temporary and permanent child support orders. The Guidelines must be used by the Court as the basis for reviewing the adequacy of child support levels in non-contested cases as well as contested hearings. The Court may deviate from the Guidelines in cases where application would be inequitable to one of the parties or to the child. In cases where the award deviates from the Guidelines, however, the Court must provide written findings of fact to substantiate the deviation.

Child Support Guidelines, *supra*, at 2. The party seeking to deviate from the amount of child support provided by the guidelines shall have the burden of proof.

We hold that the order before us is not supported by sufficient findings of fact. These deficiencies require that the order be vacated and the matter remanded. Accordingly, the order is vacated and this case is remanded for additional proceedings not inconsistent with this opinion.

Vacated and remanded.

Chief Judge HEDRICK and Judge WELLS concur.