ALEXANDER ENGLISH, Plaintiff,
v.
KIMBERLY NIXON, Defendant.
No. COA07-388
Court of Appeals of North Carolina.
Filed January 15, 2008
This case not for publication
Horack Talley Pharr & Lowndes, PA, by Kary C. Watson, for plaintiff-appellant.
No brief for defendant-appellee.
MARTIN, Chief Judge.
Plaintiff ("father") appeals from the trial court's 19 October 2006 order modifying a prior child support order. For the reasons discussed below, we vacate the order and remand for further proceedings.
Father and defendant ("mother") are the biological parents of two minor children born in 1993 and 1997. The parties entered a consent order for child support on 3 April 2002, which was entered by the Mecklenburg County District Court on 20 August 2002. The consent order required father to pay $1,200.00 per month for the support of his minor children with mother. Father was also required to pay 40% of the net income he received from employment bonuses, maintain health insurance coverage for the minor children, and pay fixed percentages of the additional uninsured medical expenses incurred for the benefit of the minor children.
On 5 December 2005, mother filed a motion for contempt and modification of the August 2002 child support order. The prayer for modification of the child support order was based on a claim of substantial change in circumstances. Subsequently, the following pleadings were filed: father's motion to dismiss mother's 5 December motion, mother's Notice of Intent to Deviate from the North Carolina Child Support Guidelines, father's Motion for Sanctions and Attorney's Fees, and mother's Motion for Rule 22 Sanctions. The matter was heard in Mecklenburg County District Court on 4 May 2006. On 19 October 2006, the trial court entered an order modifying the August 2002 child support order. In its 19 October order, the court deviated from the North Carolina Child Support Guidelines and increased father's mandatory monthly child support payment amount from $1,200.00 to $3,954.81. Father filed his Notice of Appeal on 15 November 2006.
The record on appeal contains eighteen assignments of error. In his brief, however, father presented no arguments addressing Assignments of Error 3, 6, 7, 8, and 9 regarding Findings of Fact 38, 41, 43, 44, 45, and 48, as well as Assignment of Error 13 regarding Conclusion of Law 5. These assignments of error are deemed abandoned. N.C.R. App. P. 28(a) (2008) ("Questions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned.").

I.
Father first argues that the trial court's 19 October 2006 Order Modifying Child Support was not supported by adequate findings of fact. We agree.
"The ultimate object in setting awards of child support is to secure support commensurate with the needs of the children and the ability of the [supporting parent] to meet the needs." Gibson v. Gibson, 24 N.C. App. 520, 523, 211 S.E.2d 522, 524 (1975) (citing Crosby v. Crosby, 272 N.C. 235, 158 S.E.2d 77 (1967); Fuchs v. Fuchs, 260 N.C. 635, 133 S.E.2d 487 (1963)). Accordingly, an initial determination of child support is "subject to modification or vacation at any time upon motion and a showing of changed circumstances." Leach v. Alford, 63 N.C. App. 118, 123, 304 S.E.2d 265, 268 (1983).
N.C.G.S. § 50-13.7 provides, in part, that a child support order "may be modified or vacated at any time, upon . . . a showing of changed circumstances by either party or anyone interested subject to the limitations of G.S. 50-13.10 [addressing past due child support]." N.C. Gen. Stat. § 50-13.7(a) (2007). "The changed circumstances with which the courts are concerned are those which relate to child-oriented expenses." Gilmore v. Gilmore, 42 N.C. App. 560, 563, 257 S.E.2d 116, 118 (1979).
"[A] party seeking to modify the award of support must show a change in circumstances affecting the welfare of the child between the time of the prior order and the time of the hearing of the motion to modify it," Boyd v. Boyd, 81 N.C. App. 71, 74, 343 S.E.2d 581, 583 (1986) (citing N.C. Gen. Stat. § 50-13.7; Crosby v. Crosby, 272 N.C. 235, 158 S.E.2d 77 (1967)); see also Ebron v. Ebron, 40 N.C. App. 270, 271, 252 S.E.2d 235, 236 (1979) (citing Blackley v. Blackley, 285 N.C. 358, 204 S.E.2d 678 (1974)), and "must present evidence of the child-oriented expenses, including the amount of those expenses at the time of the original support hearing." Fischell v. Rosenberg, 90 N.C. App. 254, 257, 368 S.E.2d 11, 14 (1988) (citing Waller v. Waller, 20 N.C. App. 710, 202 S.E.2d 791 (1974)). In other words, "[w]here the moving party is relying on either an increase or decrease in the child's needs to establish changed circumstances, she has the burden of 'showing the child's expenses both at the time the original support order was entered and at the present time.'" Brooker v. Brooker, 133 N.C. App. 285, 289, 515 S.E.2d 234, 237 (1999) (quoting Davis v. Risley, 104 N.C. App. 798, 800, 411 S.E.2d 171, 173 (1991)) (emphasis added).
This Court has held that when the party seeking to modify an order of child support fails to present evidence of the child-oriented expenses at the time of the prior child support order, the trial court "d[oes] not have all of the evidence necessary to establish a change of circumstances." Fischell, 90 N.C. App. at 257, 368 S.E.2d at 14; see also Willis v. Bowers, 56 N.C. App. 244, 245, 287 S.E.2d 424, 425-26 (1982) (vacating and remanding the trial court's order modifying child support where "[t]here was no finding of the plaintiff's original child-oriented expenses and no finding that the needs of the children had increased other than the unsupported finding that the children were older and thus their needs had escalated"); Waller, 20 N.C. App. at 712, 202 S.E.2d at 793 (remanding after holding that, to modify a support order, "a change in circumstances must be shown[; however, in this case, there] . . . was no finding of the plaintiff's original child-oriented expenses and no finding that the [children's] needs . . . had increased other than the unsupported finding that the children were older and thus their needs had substantially increased").
In the present case, at the 4 May 2006 hearing, mother did not present evidence regarding the minor children's expenses at the time the parties entered the consent order on 3 April 2002 or at the time the consent order was entered by the trial court in August 2002. The trial court's Finding of Fact 23 in the 19 October 2006 Order Modifying Child Support found, in part: "Since the entry of the [August 2002] Order, the Court finds that the minor children have gotten older and have grown considerably. For example, . . . [one] child . . . has grown at least five (5) inches during the past year. Therefore, the minor children's reasonable needs and expenses have increased." In other words, in support of its modification of the August 2002 child support order, the trial court made "no finding of the . . . original child-oriented expenses and no finding that the [children's] needs . . . had increased other than the . . . finding that the children were older [and taller] and thus their needs had substantially increased." Waller, 20 N.C. App. at 712, 202 S.E.2d at 793. Since the 19 October 2006 order does not contain findings of fact sufficient to support its judgment, we must vacate that portion of the award modifying child support and remand for further proceedings consistent with this decision.

II.
Father next contends that the trial court failed to make sufficient findings regarding the current reasonable needs and expenses of the minor children. In support of this contention, father argues that the trial court specifically found that evidence presented by mother was "insufficient" to corroborate amounts represented in mother's Affidavit of Financial Standing for current expenses related to the minor children's clothing and medical needs.
Our decision in Section I above renders consideration of this argument unnecessary, and we do not address it.

III.
Finally, father argues that the arrearage assessed against him in the amount of $22,793.29 per decretal paragraph 3 of the 19 October 2006 order is not preceded by any findings of fact which support it. Again, we agree.
"Where, as here, the trial court sits without a jury, the judge is required to find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." Coble v. Coble, 300 N.C. 708, 712,268 S.E.2d 185, 188-89 (1980) (internal quotation marks omitted). The purpose of the requirement "that the court make findings of those specific facts which support its ultimate disposition of the case is to allow a reviewing court to determine from the record whether the judgmentand the legal conclusions which underlie itrepresent a correct application of the law." Id. at 712, 268 S.E.2d at 189. "Evidence must support findings; findings must support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself." Id. at 714, 268 S.E.2d at 190. "Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto." Id. "The trial court must itself determine what pertinent facts are actually established by the evidence before it, and it is not for an appellate court to determine de novo the weight and credibility to be given to evidence disclosed by the record on appeal." Id. at 712-13, 268 S.E.2d at 189.
In the present case, since the trial court did not make any findings of fact or conclusions of law in the 19 October 2006 order in support of an award of arrearage in favor of mother, we must also vacate this portion of the order and remand to the trial court so that it may make further findings in support of its judgment.
Vacated and remanded.
Judges McGEE and STEPHENS concur.
Report per Rule 30(e).