FAYE W. HINES v. H. T. HINES, JR.

No. 738DC354

(Filed 3 April 1974)

Divorce and Alimony § 23— child support — no finding of changed circumstances — increase error

The trial court erred in increasing the amount of child support due from defendant without first making findings as to a change in defendant's income and changes in the needs of the three children involved.

APPEAL by defendant from *Nowell, District Judge,* 18 December 1972 Session of District Court held in WAYNE County.

This civil action was commenced on 1 October 1969 by plaintiff-wife against defendant-husband to obtain alimony pendente lite, custody of the four minor children of the parties, support for the children, and other relief. A consent order was entered on 23 March 1970, which contains as a finding of fact:

"4. That in discharge of support obligations for the benefit of the children, defendant shall pay directly to plaintiff the sum of $50.00 per week. . . . "

Subsequently, the marriage of the parties was dissolved by a decree of absolute divorce entered in a separate proceeding, and the oldest child married and has become emancipated. The three youngest children continue to reside with plaintiff.

On 1 November 1972 plaintiff filed a motion for an increase in the support payments for the children, alleging as changed circumstances that defendant had greatly increased his earnings since entry of the 23 March 1970 consent order. Following a hearing, an order was entered, dated 21 December 1972 but

filed 11 January 1973, in which the court made certain findings of fact and conclusions of law, on the basis of which the court ordered the defendant to pay $60.00 per week for support of the three minor children still residing with plaintiff, maintain certain medical insurance for benefit of the children, be responsible for any medical or dental bills which exceed $25.00 upon prior approval of such bills by the court, and pay $100.00 to plaintiff's attorneys as fees for legal services on behalf of plaintiff and the minor children.

From this order, defendant appealed.

*Freeman & Edwards by H. Jack Edwards and James A. Vinson, III for plaintiff appellee.*

*George B. Mast for defendant appellant.*

PARKER, Judge.

In the order appealed from the court concluded as a matter of law that "there has been a change of circumstances with regard to the defendant's ability to provide support for the minor children of the parties in that the defendant has had a substantial increase in his salary." The only factual finding upon which this conclusion was based was the following:

"5. That the defendant is an ablebodied man being regularly employed with the North Carolina State Highway Commission as a landscape engineer; and that the defendant has recently had a raise in his income so that he now earns an annual income of $10,824.00 and has a net take home income in excess of $600.00 per month."

Other than this, and findings as to the ages of the three children and that plaintiff was also employed, the court made no factual findings to support its conclusion that there had been a change in circumstances. There was no finding as to how much defendant's income had increased, and because the prior order dated 23 March 1970 also contained no finding as to defendant's income at the time of that order, a comparison of the two orders is not enlightening. Other than the finding that the oldest of the children had married and become emancipated and the finding as to the ages of the three youngest children who still reside with the plaintiff, there was no factual finding as to what the reasonable needs of the three youngest children

Hines v. Hines

might be or as to what changes may have occurred in those needs since entry of the prior order.

As stated by our Supreme Court in *Crosby v. Crosby,* 272 N.C. 235, 237, 158 S.E. 2d 77, 79:

> "In cases of child support the father's duty does not end with the furnishing of bare necessities when he is able to offer more, *Williams v. Williams,* 261 N.C. 48, 134 S.E. 2d 227, nor should the court order an increase in payments absent evidence of changed conditions or the need of such increase. Admittedly, the welfare of the child is the 'polar star' in the matters of custody and maintenance, yet common sense and common justice dictate that the ultimate object in such matters is to secure support commensurate with the needs of the child and the ability of the father to meet the needs. *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487."

It may well be that because of inflation, increasing needs of children as they grow older, changes in defendant's income, or some combination of these and other factors, an increase in the amount which defendant should pay toward the support of his three youngest children, over the amount he was formerly paying for support of all four of his children, would be entirely justified. If so, the court should find the facts to justify the increase.

For the court's failure to make adequate findings to support its order, the order appealed from is vacated and the cause is remanded for further proceedings, findings, and determination.

Error and remanded.

Chief Judge BROCK and Judge HEDRICK concur.