BETTY COLEMAN DISHMON v. OTIS LEON DISHMON

No. 8117DC1078

(Filed 15 June 1982)

1. **Divorce and Alimony § 24.8— assumption of responsibility of supporting emancipated son—not changed circumstance**

    The fact that defendant voluntarily assumed the responsibility of supporting his emancipated son was not a factor to be considered in determining a changed circumstance sufficient to support a reduction in child support of the other children.

2. **Divorce and Alimony § 24.8— increase in support improper—insufficient evidence of changed circumstances**

    In an action concerning child support, where there were no findings that the needs of the children had increased or that there had been a change of circumstances affecting the welfare of the children, the findings of fact did not support the court's conclusion that the payment should be increased.

APPEAL by defendant from *McHugh, Judge.* Judgment entered 11 May 1981 in District Court, ROCKINGHAM County. Heard in the Court of Appeals 25 May 1982.

Defendant appeals from a decision of the trial court granting plaintiff's motion to increase the amount of child support payments, denying his motion to reduce child support payments, and holding him in contempt for willful failure to make timely and regular child support and mortgage payments. The court also found that defendant was $720 in arrears in child support payments and one payment delinquent in mortgage payments.

On 5 March 1979 the parties entered into a consent judgment under the terms of which defendant agreed to pay the sum of $450 per month for the support of the three minor children. The agreement further provided that as each child reached the age of eighteen the support payment was to be reduced "on a pro rata basis" and that the judgment would be "binding upon the parties hereto and any violation by either party shall be punishable as for contempt of court."

On 27 February 1981, plaintiff filed a motion in the cause in which she admitted that one of the children had reached his majority thereby reducing defendant's support obligation to $300 per month. She alleged that as of 1 December 1980 defendant had

failed to pay child support and mortgage payments as required under the judgment. She further alleged that the needs of the remaining two children justified an increase in child support of twenty-five percent and that defendant was capable of paying the increase because his income was twenty-five percent greater than at the time the original judgment was rendered.

Defendant, by motion, alleged that he had suffered a decrease in his income and that he was contributing to the support of his emancipated son, justifying a reduction in support payments to $300 per month.

At a hearing held on the motions, both plaintiff and defendant presented evidence. Plaintiff testified that monthly expenses for the two children totalled $515 and that her salary from Fieldcrest Mills had not increased from the approximately $10,000 per year she was receiving in 1979. Defendant testified that his gross income in 1980 was $34,136.96 (an increase of approximately $8,000 since 1979); that he had experienced health problems due to a fall in December of 1980 and due to dental surgery; that he is contributing approximately $200 per month for the support of his emancipated son who lives with him; that he received a tax refund of $2,200 in 1980; and that during the first two and one-half months of 1981 his gross income has been $6,000.

*J. Hoyte Stultz, Jr. for plaintiff appellee.*

*Thurman B. Hampton for defendant appellant.*

MARTIN (Harry C.), Judge.

Defendant is of the opinion that the trial court denied his motion to reduce the amount of support payments he was obligated to pay under the 5 March 1979 agreement. The record does not support his contention. Defendant did not ask for a greater reduction than that to which he was entitled under the agreement. The sum of $300, the "reduction" which defendant sought, represents the amount defendant properly owes after subtracting a pro rata amount of $150 for the emancipated son.

[1] Further, we are of the opinion that defendant's evidence was, in any event, insufficient to support any reduction other than that to which he was entitled. The fact that defendant has voluntarily assumed the responsibility of supporting his emancipated son is

not a factor to be considered in determining a change of circumstances sufficient to support a reduction. *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967); *Gilmore v. Gilmore,* 42 N.C. App. 560, 257 S.E. 2d 116 (1979). Defendant offered no evidence with respect to changed circumstances affecting the remaining minor children or that expenses relating to their maintenance and support had decreased. *Gilmore, supra; Ebron v. Ebron,* 40 N.C. App. 270, 252 S.E. 2d 235 (1979). Nor has defendant offered sufficient evidence to support a finding of his inability to pay the required amount.

[2]    Defendant contends that the trial court erred in ordering an increase in child support payments absent evidence or findings of a change in circumstances affecting the children's welfare. In response, plaintiff first asks that we draw a distinction between judgments of the court ordering child support and consent judgments wherein the amount of child support is agreed to by the parties. The thrust of plaintiff's argument is that a showing of changed circumstances would not be a necessary prerequisite to the court's setting an amount for child support if the prior agreement was not an "order" of the court. Plaintiff urges that the 5 March 1979 consent judgment was not court ordered. Assuming, arguendo, that the original agreement entered into by the parties is a contract rather than a court-ordered consent judgment, the trial court's findings of fact do not support an award of child support in the amount of $350.

Our Supreme Court has most recently stated the law with respect to setting amounts for child support in *Coble v. Coble,* 300 N.C. 708, 268 S.E. 2d 185 (1980).

> Where, as here, the trial court sits without a jury, the judge is required to "find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." . . . The purpose of the requirement that the court make findings of those specific facts which support its ultimate disposition of the case is to allow a reviewing court to determine from the record whether the judgment—and the legal conclusions which underlie it—represent a correct application of the law. The requirement for appropriately detailed findings is thus not a mere formality or a rule of empty ritual; it is designed instead "to

dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system." . . .

Under G.S. 50-13.4(c) . . . an order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to "meet the reasonable needs of the child" and (2) the relative ability of the parties to provide that amount. These conclusions must themselves be based upon factual *findings* specific enough to indicate to the appellate court that the judge below took "due regard" of the particular "estates, earnings, conditions, [and] accustomed standard of living" of both the child and the parents. It is a question of fairness and justice to all concerned . . . . In the absence of such findings, this Court has no means of determining whether the order is adequately supported by competent evidence . . . .

. . . .

. . . Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated. Evidence must support findings; findings must support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself. Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto.

300 N.C. at 712, 714, 268 S.E. 2d at 188-90 (citations omitted).

We hasten to add, however, that the existence of a prior agreement between the parties adds a new dimension to the trial court's role in setting an amount for child support. "[W]here parties to a separation agreement agree upon the amount for the support and maintenance of their minor children, there is a presumption in the absence of evidence to the contrary, that the amount mutually agreed upon is just and reasonable." *Fuchs v. Fuchs*, 260 N.C. 635, 639, 133 S.E. 2d 487, 491 (1963). In *Fuchs* the Court went on to hold that upon motion a trial court may not order an increase "in the absence of any evidence of a change in

conditions or of the need for such increase, particularly when the increase is awarded solely on the ground that the father's income has increased, therefore, he is able to pay a larger amount." *Id.* The facts of this case fit squarely within the rule enunciated in *Fuchs.* Plaintiff's evidence and the court's findings of fact fall seriously short of supporting the court-ordered increase. *See also Hines v. Hines,* 21 N.C. App. 218, 203 S.E. 2d 647 (1974).

Under the authority of *Henderson v. Henderson,* 55 N.C. App. 506, 286 S.E. 2d 657 (1982), we hold that the agreement of 5 March 1979 is a court-adopted consent judgment. The agreement is thus superseded by its adoption as an order of the court.[1] As such, the party moving for a modification of the child support terms has the burden of showing a substantial change in circumstances affecting the welfare of the children. N.C. Gen. Stat. § 50-13.7(a) (Supp. 1981); *Ebron, supra.*

Plaintiff's only evidence consisted of a skeleton list of current expenses for the maintenance of the children. Based on this evidence, the trial judge found that these expenses totalled $440 per month and further concluded that plaintiff was in need of additional support. Plaintiff presented no evidence, nor did the court make findings, with respect to the original expenses for support of the children. *See Daniels v. Hatcher,* 46 N.C. App. 481, 265 S.E. 2d 429, *disc. rev. denied,* 301 N.C. 87 (1980); *Willis v. Bowers,* 56 N.C. App. 244, 287 S.E. 2d 424 (1982). There were no findings that the needs of the children had increased or that there had been a change of circumstances affecting the welfare of the children. *Id.* Nor would the evidence support such findings. In short, the trial court failed to tell the defendant, or this Court, why an increase was necessary. *See Daniels, supra.* We hold that on the record before us the trial court's findings of fact do not support the conclusion increasing the child support payments. The record does support the findings and conclusions as to the arrearages and that portion of the judgment is affirmed.

Plaintiff concedes that the order of contempt is not supported by sufficient findings of fact and requests that it be

---

1. We note that the trial court apparently considered the consent judgment of 5 March 1979 an order of the court in holding defendant in contempt for failure to comply with the mortgage and support provisions of the judgment.

vacated and the cause remanded for further proceedings on that question. We agree.

The judgment is vacated with respect to the order of contempt and increased child support, and the cause is remanded to the District Court of Rockingham County.

Judges VAUGHN and HILL concur.