JAMES MITCHELL LEARY, Plaintiff v. SUSAN MULLIS LEARY, Defendant

No. COA01-1020

(Filed 20 August 2002)

1. **Child Support, Custody, and Visitation— support—adjustment of gross income for benefit of company car**

    The trial court did not abuse its discretion in a child support case by imputing $250 per month to plaintiff father's gross income based on the benefit of his company car, because: (1) the Child Support Guidelines stipulate that expense reimbursements or in-kind payments, such as a company car, received by a parent in the course of employment should be counted as income if they are significant and reduce personal living expenses; and (2) there is sufficient evidence to support the trial court's finding that plaintiff's benefit of an all-expense paid company vehicle was worth $250 per month to him.

2. **Child Support, Custody, and Visitation— support—request for deviation from guidelines**

    The trial court did not abuse its discretion in a child support case by denying plaintiff father's request for deviation from the Child Support Guidelines, because the trial court's findings as to

the incomes of both parties and the presumptive reasonable needs of the children are supported by the evidence.

### 3. Costs— attorney fees—child support case

The trial court did not abuse its discretion in a child support case by awarding $600 as reasonable attorney fees under N.C.G.S. § 50-13.6 to defendant mother, because: (1) there was sufficient evidence to support the trial court's finding of defendant's inability to defray the cost of this litigation; and (2) the trial court sufficiently found that plaintiff had refused to provide adequate child support.

Judge BIGGS concurring in part and dissenting in part.

Appeal by plaintiff from judgment entered 5 February 2001 by Judge N. Hunt Gwyn in Anson County District Court. Heard in the Court of Appeals 10 June 2002.

*Henry T. Drake for plaintiff-appellant.*

*No brief filed by defendant-appellee.*

WALKER, Judge.

Plaintiff and defendant were married on 25 November 1988 and were separated on 8 June 1998. There were two children born of the marriage. On 16 October 1998, plaintiff filed a complaint seeking custody, child support, divorce from bed and board, and equitable distribution. On 9 November 1998, defendant counterclaimed for post-separation support, permanent alimony, equitable distribution, and reasonable attorney's fees. On 20 October 2000, based upon his income and his perceived needs of the children, plaintiff petitioned the trial court to deviate from the North Carolina Child Support Guidelines (Guidelines). Both parties filed affidavits of financial standings with the trial court.

On 17 January 2001, the trial court heard evidence and arguments of counsel on the issues of child support and attorney's fees. All other matters were previously resolved through a consent order. The trial court issued an order, signed 5 February 2001 and filed 9 February 2001, which found the following in part:

8. That this Court has specifically reviewed the incomes of the parties, the expenses of the parties, and the reasonable needs of the minor children.

9. That the Plaintiff has a gross monthly income from his employment with Leary Brothers Logging, Inc. of $2,816.64; that the Court imputes to the Plaintiff as additional monthly income the sum of $250.00 due to the fact that the Plaintiff has the use and benefit of a company vehicle pursuant to his employment, and based on the fact that the Plaintiff testified he has no personal vehicle and uses the Company vehicle for all driving; the Plaintiff's adjusted monthly adjusted gross income is $3,066.64[.]

10. That the Defendant is employed by CMH Flooring in Wadesboro, North Carolina, and has a gross monthly income of $1,733.32.

11. The Plaintiff carries health insurance on behalf of the minor children through his employment at Leary Brothers Logging, Inc., at no monthly expense to the Plaintiff.

12. That Plaintiff's and Defendant's combined gross monthly income, rounded to the nearest dollar is $4,801.00. The basic support amount pursuant to the North Carolina Child Support Guidelines is $997.00.

13. The Defendant pays for after school care and summer care for the minor children at Peachland Polkton after school program. Seventy-five percent of the Defendant's average monthly expense is $108.00.

14. The Court, based upon the evidence presented, specifically declines to deviate from the North Carolina Child Support Guidelines in this case.

15. The Plaintiff earns sixty-three (63%) of the total combined support, and the Defendant earns thirty-seven (37%) of the total combined support.

16. The Plaintiff's share of monthly support to be paid to the Defendant for the use and benefit of the minor children is $706.00 per month.

The trial court ordered the following in part:

1. The Plaintiff shall pay child support to the Defendant for the use and benefit of the minor children in the amount of $706.00 per month. . . .

. . .

3. The Plaintiff shall maintain health insurance on behalf of the minor children.

4. The Plaintiff shall be responsible to pay sixty-three percent of all uninsured medical and dental expenses incurred on behalf of the minor children. . . .

In response to defendant's request for reasonable attorney's fees, the trial court found and awarded the following in part:

17. The Defendant, since the entry of the Order on temporary custody and child support, has paid one-hundred percent of all day care costs and uninsured medical expenses incurred on behalf of the minor children.

18. The Defendant is still making monthly payments for at least two medical bills incurred by the children, with balances outstanding to date.

. . .

20. The Defendant, based upon her payment of all uninsured medical expenses for the children for the past two years, and based upon the fact that at least two such bills have outstanding balances to be paid, does not have the means or ability to pay her reasonable attorney's fees.

21. The Plaintiff has the means and ability to pay the Defendant's attorney's fees for the establishment of permanent child support.

22. The Court finds that the sum of six hundred dollars ($600.00) is a reasonable attorney's fee, and such amount shall be paid by the Plaintiff to attorney Donna B. Stepp at the rate of $50.00 per month until paid in full. Such payment is to be made monthly to the Anson County Clerk of Superior Court for dispersal to Donna B. Stepp until $600.00 is paid in full.

Plaintiff first assigns error to the award of child support. Child support orders entered by a trial court are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). Under this standard of review, the trial court's ruling "will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *Id.* In a case for child support, the trial court must make

specific findings and conclusions. *Dishmon v. Dishmon*, 57 N.C. App. 657, 660, 292 S.E.2d 293, 295 (1982). The purpose of this requirement is to allow a reviewing court to determine from the record whether a judgment, and the legal conclusions which underlie it, represent a correct application of the law. *Id.* at 659, 292 S.E.2d 295.

**[1]** Plaintiff contends the facts, as found by the trial court, are not supported by competent evidence. Specifically, defendant contends that the trial court erred in imputing $250.00 per month to plaintiff's gross income since he had the benefit of the company vehicle.

The Guidelines stipulate that "[e]xpense reimbursements or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business should be counted as income if they are significant and reduce personal living expenses. Such payments might include a company car. . . ." *N.C. Child Support Guidelines*, Annotated Rules of North Carolina 35 (2002). Here, the record indicates that the vehicle driven by plaintiff was owned by Leary Brothers Logging, Inc. (Leary Brothers). The record further shows that Leary Brothers pays for the vehicle's maintenance, insurance, and, according to plaintiff's testimony, "around three hundred dollars for gas" monthly. Thus, there is sufficient evidence to support the trial court's finding that plaintiff's benefit of an all expense paid company vehicle was worth $250.00 per month to him.

**[2]** In addition, plaintiff contends the trial court failed to make proper findings upon his request for a deviation from the Guidelines. "Although section 50-13.4(c) and the Guidelines require findings of fact only when the trial court deviates from the Guidelines, effective appellate review also requires findings to support a denial of a party's request for deviation." *Buncombe County ex rel Blair v. Jackson*, 138 N.C. App. 284, 288, fn. 7, 531 S.E.2d 240, 243, fn. 7 (2000).

Here, the trial court made findings as to the incomes of both parties and the presumptive reasonable needs of the children. The trial court was presented with affidavits of financial standings from both parties. Plaintiff's affidavit reflected that the reasonable needs of the children to be $765.00 per month. On the other hand, defendant's affidavit reflected the reasonable needs of the children were in excess of $1,000.00 per month. The trial court specifically declined to deviate from the Guidelines, finding the presumptive support amount for the children to be $997.00 per month. Plaintiff's share would be $706.00 per month. Thus, the evidence supports the findings which in turn support the denial of the request for deviation from the Guidelines.

**[3]** Plaintiff next contends that the trial court failed to make sufficient findings for the award of attorney's fees. The trial court is permitted to exercise considerable discretion in allowing or disallowing attorney's fees in child custody or support cases. *Brandon v. Brandon*, 10 N.C. App. 457, 463, 179 S.E.2d 177, 181 (1971). Generally, an award of attorney's fees will be stricken only if the award constitutes an abuse of discretion. *Clark v. Clark*, 301 N.C. 123, 136, 271 S.E.2d 58, 67 (1980). N.C. Gen. Stat. § 50-13.6 provides the following in part:

> In an action or proceeding for the custody or support, or both, of a minor child, . . . the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding.

Our Courts have interpreted this provision as requiring that the party seeking attorney's fees must allege and prove that it is an interested party acting in good faith and has insufficient means to defray the expenses. *Hudson v. Hudson*, 299 N.C. 465, 472, 263 S.E.2d 719, 723 (1980). A party has insufficient means to defray the expense of the suit when it is "unable to employ adequate counsel in order to proceed as litigant to meet the other spouse as litigant in the suit." *Id.* at 474, 263 S.E.2d at 725. If the action is for child support, there must be an additional finding that "the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution or proceeding." *Id.* at 472-73, 263 S.E.2d at 724. Whether these statutory requirements are met is a question of law, reviewable on appeal. *Taylor v. Taylor*, 343 N.C. 50, 54, 468 S.E.2d 33, 35 (1996).

Plaintiff contends there was insufficient evidence to support the trial court's finding that defendant "does not have the means or ability to pay her reasonable attorney's fees." Based on defendant's evidence, the trial court found that she had been paying all of the uninsured medical expenses for the past two years, and she had outstanding balances on those expenses at the time of the hearing. We find there was sufficient evidence to support the trial court's finding of defendant's inability to defray the cost of this litigation.

LEARY v. LEARY

[152 N.C. App. 438 (2002)]

Plaintiff further contends the trial court erred in failing to find that he had refused to provide adequate support as required in order to support an award of attorney's fees in a child support case. The trial court found that the amount plaintiff had been providing, prior to the hearing, was inadequate to support the children and increased the award to $706.00. Thus, the trial court sufficiently found that plaintiff had refused to provide adequate child support.

A careful review of the record reveals the trial court properly found that defendant was an interested party who had insufficient means to defray the cost of litigation and her request for attorney's fees was made in good faith. Thus, the trial court did not err in awarding $600.00 as reasonable attorney's fees.

In conclusion, we find that the trial court's findings and conclusions are sufficient to support its award of child support and attorney's fees. The trial court did not err in denying plaintiff's request for deviation from the Guidelines.

Affirmed.

Chief Judge EAGLES concurs.

Judge BIGGS concurs in part and dissents in part.

BIGGS, Judge, concurring in part, dissenting in part.

While I agree with the majority that the trial court's finding of fact and conclusions of law are sufficient to support its award of child support, I disagree that the findings and conclusions are sufficient to support the award of attorney's fees.

As stated by the majority, N.C.G.S. § 50-13.6 requires that in child support actions there must be a finding of fact by the trial court " 'that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding.' " *Hudson v. Hudson*, 299 N.C. 465, 472-73, 263 S.E.2d 719, 724 (1980) (quoting N.C.G.S. § 50-13.6). "A finding of fact supported by competent evidence must be made on this issue . . . before attorney's fees may be awarded in a support suit." *Id.* Additionally, in *Gibson v. Gibson*, 68 N.C. App. 566, 575, 316 S.E.2d 99, 105 (1984), this Court held that the absence of a specific finding on this issue "compels us to vacate the award of attorney's

fees and remand this case for additional findings as required by G.S. [§] 50-13.6."

The trial court, in the case *sub judice*, made no finding of fact that plaintiff refused to provide adequate support. Nor is there a finding by the trial court, as suggested by the majority, "that the amount plaintiff had been providing, prior to the hearing, was inadequate to support the children." The order makes no reference to the amount previously paid by plaintiff but merely sets the amount of support based on the Child Support Guidelines. Moreover, there was evidence at trial that plaintiff was paying the child support pursuant to a temporary support order.

Accordingly, I would vacate the award of attorney's fees and remand the case for additional findings.