SEAN CHRISTIAN SPICER, PLAINTIFF v. KRISTEN LEIPPE SPICER, DEFENDANT

No. COA03-1197

(Filed 1 February 2005)

## 1. Child Support, Custody, and Visitation— child support— free housing for disabled parent—included as income

The trial court did not err in a child support action by including in the disabled father's income the value of the rent-free housing supplied by his parents. Housing is a form of financial support that may be considered in determining the proper amount of child support.

## 2. Child Support, Custody, and Visitation— support—trust for disabled parent—nonrecurring income

The trial court did not err in a child support action by finding that a trust established for a disabled father with proceeds from a settlement after an auto accident was nonrecurring income. In light of the breadth of the definition of income in the Guidelines, the trial court could include the trust as nonrecurring income.

**3. Child Support, Custody, and Visitation— child support— principal of disabled father's trust**

The trial court did not err by supplementing the funds available for child support by invading the principal of the disabled father's trust.

**4. Child Support, Custody, and Visitation— child support— monthly and lump sum payments**

The trial court did not err in ordering the father to make both monthly payments and a lump sum payment to be placed in trust for the support of his minor child.

**5. Child Support, Custody, and Visitation— child support— child's needs—findings insufficient**

A child support order which deviated from the Guidelines was remanded for further findings about the child's specific needs. In the absence of sufficient findings about the child's reasonable needs, it could not be determined whether the lump sum awarded would meet or exceed the child's needs.

**6. Child Support, Custody, and Visitation— child support— disabled father—health and related circumstances**

The trial court gave sufficient consideration in a child support action to the disabled father's present condition and estate, including his health and other related circumstances. No authority was cited requiring findings about possible future medical expenses.

**7. Child Support, Custody, and Visitation— child support— use of formula**

On remand of a child support order, the trial court may again use a formula so long as it is based on logic and reason and reaches a result consistent with the child's reasonable needs in light of the parties' accustomed standard of living and the father's ability to pay.

**8. Child Support, Custody, and Visitation— child support— attorney fees—determination of hours**

The trial court did not abuse its discretion in calculating attorney fees in a child support action. The case was for both support and custody since custody had not been resolved when the support hearing began, and the sole required findings were that the party seeking fees acted in good faith and lacked the

SPICER v. SPICER

[168 N.C. App. 283 (2005)]

means to defray the suit. The trial court here made the necessary findings, and the number of hours for which counsel was compensated were calculated based on a careful consideration of counsel's affidavit and an extensive discussion with counsel.

Appeal by plaintiff and cross-appeal by defendant from order entered 10 June 2003 by Judge Rebecca T. Tin in Mecklenburg County District Court. Heard in the Court of Appeals 19 May 2004.

*Andrew D. Taylor, Jr. & Assoc., by Andrew D. Taylor, Jr.; and Michelle D. Reingold, for plaintiff-appellant.*

*Ellis M. Bragg, Jr., for defendant-appellee.*

GEER, Judge.

In his appeal from a child support order, plaintiff Sean Christian Spicer contends primarily that the trial court erred in concluding that a trust fund established for his support following a disabling automobile accident was non-recurring income within the meaning of the North Carolina Child Support Guidelines, 2005 Ann. R. N.C. 47 (Rev. Oct. 2002) ("the Guidelines") and ordering him to pay $74,722.80 to establish a trust fund for the support of his son. We conclude that the trial court did not err in determining that the settlement was non-recurring income and that it could be used to establish a child support trust. Because, however, the trial court failed to make sufficient findings of fact regarding the reasonable needs of the child, we must remand for further proceedings.

Factual Background

The Spicers were married on 20 June 1998 and their son was born 1 January 1999. At that time, Mr. Spicer, who was the sole financial provider for the family, worked for Time Warner Cable Company, earning approximately $25,000.00 annually. On 1 April 1999, Mr. Spicer was severely injured when a truck swerved into his lane and collided head-on with his vehicle. As a result of his injuries, Mr. Spicer was in a coma for several weeks, was hospitalized for approximately four months, and underwent rehabilitation for approximately one year. Mr. Spicer's cognitive abilities, including his short-term memory, have been severely impaired as a result of his traumatic head injury.

Mr. Spicer ultimately entered into a lump-sum settlement with the company that owned the truck. Mr. Spicer's father, a financial plan-

ner, placed the settlement proceeds in an *inter vivos* family trust, naming Sean Spicer as grantor and himself as trustee. The trust instrument provides that Sean Spicer, as grantor, has the right to "alter, amend, or revoke" the trust agreement "in whole or in part at such time as [he] may see fit by written notice delivered to the Trustee." Although the instrument provides that the trustee may "pay to or for the benefit of [Sean Spicer] . . . such amounts of the income and principal of this trust as [Sean Spicer] may in writing request," it also includes a spendthrift clause. After payments to resolve a medical insurance subrogation claim and for litigation expenses, a balance of $622,690.22 remained in the trust.

The Spicers separated on 27 March 2000, approximately a year after the accident. A final divorce decree was entered 1 June 2001. On 10 July 2001, Mr. Spicer filed a complaint seeking joint custody of his son. On 31 August 2001, Ms. Spicer filed an answer and counterclaim seeking temporary and permanent custody of the child.

A consent order for permanent custody and visitation was entered on 28 March 2003, granting Ms. Spicer permanent custody of the child and granting Mr. Spicer permanent supervised visitation. On 10 June 2003, the trial court entered an order for permanent child support, in which the court (1) applied the Guidelines to Mr. Spicer's recurring income resulting in a child support obligation of $460.02 per month, (2) treated Mr. Spicer's entire trust principal as non-recurring income under the Guidelines, (3) determined that it would be unjust to Mr. Spicer and inappropriate to use the methods specified in the Guidelines to calculate the amount of non-recurring income to be applied toward child support, (4) ordered, based on application of a formula, a lump sum payment of $74,722.80 from the trust principal to be placed in a second trust for the child, and (5) awarded Ms. Spicer $5,583.75 in attorneys' fees and costs. Mr. Spicer has appealed from this order.

## Discussion

Under N.C. Gen. Stat. § 50-13.4(c) (2003), a court "shall determine the amount of child support payments by applying the presumptive guidelines established pursuant to subsection (c1) of this section." Child support set in accordance with the Guidelines "is conclusively presumed to be in such amount as to meet the reasonable needs of the child and commensurate with the relative abilities of each parent to pay support." *Buncombe County ex rel. Blair v. Jackson*, 138 N.C.

App. 284, 287, 531 S.E.2d 240, 243 (2000). The trial court may, however, deviate from the Guidelines if:

> after considering the evidence, the Court finds by the greater weight of the evidence that the application of the guidelines would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate . . . .

N.C. Gen. Stat. § 50-13.4(c). In this case, the trial court applied the Guidelines to Mr. Spicer's recurring income, but decided to deviate from the Guidelines with respect to Mr. Spicer's non-recurring income.

In reviewing child support orders, our review is limited to a determination whether the trial court abused its discretion. *Leary v. Leary*, 152 N.C. App. 438, 441, 567 S.E.2d 834, 837 (2002). Under this standard of review, the trial court's ruling will be overturned only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision. *Id.* The trial court must, however, make sufficient findings of fact and conclusions of law to allow the reviewing court to determine whether a judgment, and the legal conclusions that underlie it, represent a correct application of the law. *Id.* at 441-42, 567 S.E.2d at 837.

I. APPLICATION OF THE GUIDELINES TO PLAINTIFF'S RECURRING INCOME

[1] In applying the Guidelines to Mr. Spicer's recurring income, the trial court found that Mr. Spicer receives an average monthly gross income of $98.90 from a part-time job, $851.00 from social security disability, $442.00 in social security benefits for his child (as a result of Mr. Spicer's disability), and $221.00 from Time Warner disability. In addition, the trial court found that Mr. Spicer lives with his parents rent-free and that "the benefit of a rent-free residence reduces the Plaintiff's personal living expenses and that the sum of Three Hundred and 00/100 Dollars ($300.00) monthly should be attributed to the Plaintiff as income for this benefit."

Mr. Spicer argues on appeal that this finding represents an improper imputation of income under the Guidelines. In discussing "income" to be used in calculating support, the Guidelines provide:

> (3) *Potential or Imputed Income.* If either parent is voluntarily unemployed or underemployed to the extent that the parent

cannot provide a minimum level of support for himself or herself and his or her children when he or she is physically and mentally capable of doing so, and the court finds that the parent's voluntary unemployment or underemployment is the result of a parent's bad faith or deliberate suppression of income to avoid or minimize his or her child support obligation, child support may be calculated based on the parent's potential, rather than actual, income. *Potential income may not be imputed to a parent who is physically or mentally incapacited* or is caring for a child who is under the age of three years and for whom child support is being determined.

Guidelines, 2005 Ann. R. N.C. 49 (emphasis added). Mr. Spicer contends that imputation of income is improper because he is mentally incapacitated.

Based on our review of the record, we disagree with Mr. Spicer's characterization of the trial court's finding. Instead of imputing potential income to Mr. Spicer, the court was considering his cost-free housing as a form of gross income valued at $300.00 per month. *See Burnett v. Wheeler*, 128 N.C. App. 174, 177, 493 S.E.2d 804, 806 (1997) ("Judge Foster did not 'impute' an income of $77,000 to defendant. A careful review of the record reveals that the trial court found that defendant's total income, from all available sources, equaled at least $77,000.")

The Guidelines include as "income" any "maintenance received from persons other than the parties to the instant action." Guidelines, 2005 Ann. R. N.C. 48. "Maintenance" is defined as "[f]inancial support given by one person to another . . . ." *Black's Law Dictionary* 973 (8th ed. 2004). As our appellate courts have previously recognized, cost-free housing is a form of financial support that may be considered in determining the proper amount of child support to be paid. *See Guilford County ex rel. Easter v. Easter*, 344 N.C. 166, 171, 473 S.E.2d 6, 9 (1996) (voluntary support by maternal grandparents, including cost-free housing, properly considered in determining child support); *Gibson v. Gibson*, 24 N.C. App. 520, 522-23, 211 S.E.2d 522, 524 (1975) (evidence that employer supplied father with automobile and rent-free apartment that reduced his living expenses was evidence of "additional income" from his job beyond his salary). *See also* 2 Suzanne Reynolds, *Lee's North Carolina Family Law* § 10.8 at 533 (5th ed. 1999) (included in income are "in-kind payments, such as a company car, free housing or reimbursed meals, if they are significant

and reduce personal living expenses"). We therefore hold that the trial court did not err in including the $300.00 per month value of Mr. Spicer's housing as income.

## II. THE TRIAL COURT'S TREATMENT OF MR. SPICER'S TRUST

Mr. Spicer next contends the trial court erred when it ordered him to invade the principal of the settlement trust and make a lump-sum payment that would in turn be used to establish a trust for the child's support. He argues further that even if the trial court properly considered his trust as income, it failed to make sufficient findings of fact to support its deviation from the Guidelines with respect to the trust.

### A. Treatment of the Trust as Non-Recurring Income

[2] We first consider Mr. Spicer's contention that since the trust was established to pay for outstanding debts due to the accident and to compensate his pain and suffering, the trial court erred in finding that the settlement trust was "non-recurring income" within the meaning of the Guidelines. The Guidelines, however, specifically include as income: "income from *any* source, including but not limited to . . . trusts[.]" Guidelines, 2005 Ann. R. N.C. 48 (emphasis added). Accordingly, this Court held in *Swink v. Swink*, 6 N.C. App. 161, 164, 169 S.E.2d 539, 541 (1969), that a father's interest in a spendthrift trust "can be reached to provide child support and alimony . . . ." *Cf. Shaw v. Cameron*, 125 N.C. App. 522, 528, 481 S.E.2d 365, 369 (1997) (mother was entitled to discovery of the terms of father's trust because any judgment setting child support would depend upon the amount of the father's income and the nature of his estate, including the trust).

Mr. Spicer argues that we should construe the Guidelines' definition of "income" as encompassing only settlements providing compensation for lost wages. In support of this argument, Mr. Spicer relies solely upon *Johnson v. Johnson*, 317 N.C. 437, 346 S.E.2d 430 (1986), an equitable distribution case. In *Johnson*, our Supreme Court held that, in determining whether the proceeds from a personal injury settlement obtained during marriage should be classified as marital or separate property,

> the portion of an award representing compensation for non-economic loss—*i.e.*, personal suffering and disability—is the separate property of the injured spouse; the portion of an award representing compensation for economic loss—*i.e.*, lost wages,

loss of earning capacity during the marriage, and medical and hospital expenses paid out of marital funds—is marital property.

*Id.* at 448, 346 S.E.2d at 436. Nothing in *Johnson* suggests that its analysis of separate and marital property for purposes of distributing a marital estate should have any impact on the calculation of child support.

The purpose of equitable distribution is so dissimilar from that of child support that we cannot accept Mr. Spicer's invitation to analogize the two. While the purpose of equitable distribution is to require married persons to share their maritally-acquired property with each other after the marriage has dissolved, *id.* at 450, 346 S.E.2d at 437, the purpose of our child support law is to ensure that parents meet their legal obligation " 'to secure support commensurate with the needs of the child and [the parents'] *ability* . . . to meet the needs.' " *Holt v. Holt*, 29 N.C. App. 124, 126, 223 S.E.2d 542, 544 (1976) (quoting *Crosby v. Crosby*, 272 N.C. 235, 237, 158 S.E.2d 77, 79 (1967)). Thus, while our equitable distribution laws are designed to protect the property interests of divorcing spouses, child support laws are designed to protect the welfare of children. *See In re Foreclosure of Deed of Trust from Cooper*, 81 N.C. App. 27, 39, 344 S.E.2d 27, 35 (1986) (because of the differing public policies involved, holding that contingent fee contracts are permitted in equitable distribution cases even though void in child support actions). Because of the differing policies, it would be inappropriate to extend *Johnson* to child support determinations. In light of the breadth of the definition of "income" in the Guidelines, we hold that the trial court could properly include Mr. Spicer's trust as non-recurring income.

Mr. Spicer urges that public policy demands that the settlement not be regarded as income for purposes of a child support calculation since taking money from this source potentially could render him "a ward of the state unable to care for his, or his son's, needs." As Mr. Spicer recognizes, however, this situation presents competing policy considerations. A decision regarding how to balance these interests in light of the statutory framework falls uniquely within the purview of the General Assembly. *See Rhyne v. K-Mart Corp.*, 358 N.C. 160, 169, 594 S.E.2d 1, 8 (2004) ("The General Assembly is the 'policy-making agency' because it is a far more appropriate forum than the courts for implementing policy-based changes to our laws."). The General Assembly has chosen to give the district courts broad discretion to devise an appropriate child support award in light of

the circumstances of all the parties. It is the responsibility of the district court to weigh those circumstances and determine what is just and appropriate; we may not dictate a result as a matter of law.

[3] Alternatively, Mr. Spicer argues that the trial court should have left the trust principal intact and considered the interest on that trust principal as recurring income. The Guidelines provide that:

> When income is received on an *irregular, non-recurring,* or *one-time basis*, the court may average or prorate the income over a specified period of time or require an obligor to pay as child support a percentage of his or her non-recurring income that is equivalent to the percentage of his or her recurring income paid for child support.

Guidelines, 2005 Ann. R. N.C. 48-49 (emphasis added). The personal injury settlement in this case was paid on a one-time, non-recurring basis, thus meeting the Guidelines' definition of "non-recurring income." If we were to adopt Mr. Spicer's contention that because the trust gave rise to interest, the trust principal should not be considered non-recurring income, then few lump sum amounts would ever be considered non-recurring income, since interest may be earned on almost any sum. The trial court did not, therefore, err when it sought to supplement the funds available for the child's support by invading the trust principal.

[4] Finally, Mr. Spicer contends the trial court erred in requiring that he pay both monthly payments and a lump sum payment. N.C. Gen. Stat. § 50-13.4(e) (2003) provides, in relevant part:

> Payment for the support of a minor child shall be paid by lump sum payment, periodic payments, or by transfer of title or possession of personal property of any interest therein, or a security interest in or possession of real property, as the court may order.

This Court has previously held that a trial court "is not limited to ordering one method of payment to the exclusion of the others provided in the statute. The Legislature's use of the disjunctive and the phrase 'as the court may order' clearly shows that the court is to have broad discretion in providing for payment of child support orders." *Moore v. Moore*, 35 N.C. App. 748, 751, 242 S.E.2d 642, 644 (1978). Further, a trial court is not limited to the methods of payment specified in the statute. *Weaver v. Weaver*, 88 N.C. App. 634, 637, 364 S.E.2d 706, 708-09 ("In utilizing this provision, the trial court is vested with broad discretion, and is not limited to ordering any one of the desig-

nated methods of payment."), *disc. review denied*, 322 N.C. 330, 368 S.E.2d 875 (1988). We note that our Courts have specifically held, as Mr. Spicer concedes, that a parent's property may be placed in trust to secure or provide child support. *Id.* at 638, 364 S.E.2d at 709 (affirming sale of real property to establish a trust securing future child support). The trial court did not, therefore, err in determining that Mr. Spicer's child support obligation could be fulfilled by requiring income from both monthly payments and a lump sum award.

B. The Trial Court's Deviation from the Guidelines

[5] After determining (1) that applying the Guidelines to the trust principal would result in payment of a lump sum of $130,764.90 and (2) that payment of this amount would exceed the minor child's reasonable needs and expenses and would be unjust and inappropriate, the trial court decided to deviate from the Guidelines. A trial court's deviation from the Guidelines is reviewed under an abuse of discretion standard. *State ex rel. Fisher v. Lukinoff*, 131 N.C. App. 642, 644, 507 S.E.2d 591, 593 (1998).

Nevertheless, in deviating from the Guidelines, a trial court must follow a four-step process:

> First, the trial court must determine the presumptive child support amount under the Guidelines. Second, the trial court must hear evidence as to the reasonable needs of the child for support and the relative ability of each parent to provide support. Third, the trial court must determine, by the greater weight of this evidence, whether the presumptive support amount would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate. Fourth, following its determination that deviation is warranted, in order to allow effective appellate review, the trial court must enter written findings of fact showing the presumptive child support amount under the Guidelines; the reasonable needs of the child; the relative ability of each party to provide support; and that application of the Guidelines would exceed or would not meet the reasonable needs of the child or would be otherwise unjust or inappropriate.

*Sain v. Sain*, 134 N.C. App. 460, 465-66, 517 S.E.2d 921, 926 (1999) (internal citations and quotation marks omitted). Mr. Spicer contends the trial court's findings of fact do not meet the requirements of the fourth step regarding the reasonable needs of the child and Mr. Spicer's ability to provide support.

We agree with Mr. Spicer that the trial court's findings of fact are not adequate to allow us to review the basis for the amount awarded as a result of the deviation. Our Supreme Court has explained that "an order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to 'meet the reasonable needs of the child' and (2) the relative ability of the parties to provide that amount." *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980) (quoting N.C. Gen. Stat. § 50-13.4(c)). These conclusions must in turn be based on factual findings "specific enough to indicate to the appellate court that the judge below took due regard of the particular estates, earnings, conditions, [and] accustomed standard of living of both the child and the parents." *Id.* (internal quotation marks omitted). Without sufficient findings, an appellate court has no means of determining whether the order is adequately supported by competent evidence. *Id.* The Court stressed that "[i]t is not enough that there may be evidence in the record sufficient to support findings which *could have been made.* The trial court must itself determine what pertinent facts are actually established by the evidence before it . . . ." *Id.*

In finding the facts relating to the reasonable needs of the child for support and the relative ability of each parent to provide support, the trial court must consider:

> the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

N.C. Gen. Stat. § 50-13.4(c1) (2003). These "factors should be included in the findings if the trial court is requested to deviate from the [G]uidelines." *Gowing v. Gowing*, 111 N.C. App. 613, 618, 432 S.E.2d 911, 914 (1993).

Here, the trial court did not make any specific findings regarding the reasonable needs of the child. The court simply found, without further explanation, that the child's reasonable needs and expenses totaled $1,260.10 per month. The findings contain no specific consideration of what amount is necessary for the child's health, education, and maintenance. Nor does the order contain any findings as to actual expenditures. *See Fisher*, 131 N.C. App. at 646, 507 S.E.2d at 594 (trial court erred in failing to make findings regarding mother's actual past expenditures on the child's behalf); *Savani v. Savani*, 102

N.C. App. 496, 503, 403 S.E.2d 900, 904 (1991) (" 'Evidence of actual past expenditures is essential in determining [a child's] present reasonable needs.' " (quoting *Koufman v. Koufman*, 97 N.C. App. 227, 232, 388 S.E.2d 207, 209 (1990), *rev'd on other grounds*, 330 N.C. 93, 408 S.E.2d 729 (1991))). *See also* 2 Suzanne Reynolds, *Lee's North Carolina Family Law* § 10.17 at 547 (5th ed. 1999) ("The trial court must also make specific findings as to the child's past and present expenses in order to determine the reasonable needs of the child.").

Further, there is no indication that the trial court considered the "accustomed standard of living of the child and the parties," as required by N.C. Gen. Stat. § 50-13.4(c). The trial court found that Mr. Spicer's *gross income* prior to the accident was approximately $25,000.00 per year (or $2,083.33 per month). Even taking into account added expenses for health insurance and work-related child care—which became necessary when Mr. Spicer could no longer work—the total "reasonable expenses" found by the trial court, without explanation, of $2,875.10 for Ms. Spicer and the child alone significantly exceeds the monthly expenses of the family of three. While the trial court's finding of reasonableness may be supportable and may reflect the trial court's assessment of the accustomed standard of living, we cannot make that determination without more specific findings of fact.

We observe, although there is no finding saying so, that the trial court appears to have adopted, without question, Ms. Spicer's Affidavit of Financial Standing. This affidavit includes as expenses *for the four-year-old child alone*: $600.00 per year in Christmas gifts, $600.00 per year in birthday gifts, $75.00 per month in restaurant meals, $75.00 per month in entertainment and recreation, $150.00 per month in clothing, and $900.00 per year for vacation. Without findings regarding the child's or parties' accustomed standard of living and the reasonableness of the expenses in light of that standard of living, we cannot determine whether the trial court considered the standard of living factor and whether the trial court's finding of reasonable needs—including such generous expenses—is supported by the evidence. *See Fisher*, 131 N.C. App. at 649, 507 S.E.2d at 596 (reversing and remanding for further findings regarding accustomed standard of living and child's reasonable needs).

In the absence of specific findings regarding the child's reasonable needs, taking into account the accustomed standard of living, we

are precluded from reviewing the basis of the award. We cannot determine whether the lump sum awarded would actually exceed the child's reasonable needs or, for that matter, whether it would fail to meet the child's reasonable needs. We must, therefore, remand this case to the trial court for further findings of fact.

**[6]** Mr. Spicer further contends that the trial court erred by failing to take "due regard" of his future medical expenses. Our courts have required trial courts to "make findings of fact on the parents' income, estates . . . and *present reasonable expenses* to determine the parties' relative ability to pay." *Newman v. Newman*, 64 N.C. App. 125, 128, 306 S.E.2d 540, 542 (emphasis added), *disc. review denied*, 309 N.C. 822, 310 S.E.2d 351 (1983). Mr. Spicer cites no authority requiring a trial court to make findings regarding possible future medical expenses. Our review of the trial court's order reveals that the trial court did give due regard to Mr. Spicer's present health and other related circumstances, including the facts that Mr. Spicer is not living independently, that the trust funds "are not expected to be sufficient to meet [his] lifetime needs," and that most of his current medical costs were covered by Medicare programs. These findings were supported by competent evidence and are sufficiently specific for us to determine that the trial court gave due regard to Mr. Spicer's present condition and estate.

**[7]** Mr. Spicer also argues that the trial court applied a "random" formula in determining the amount of the lump sum payment to be drawn from his settlement for establishment of the child-support trust. Although we have remanded this case for further findings of fact, we note that our appellate courts have approved trial courts' use of formulas to determine child support. *Plott v. Plott*, 313 N.C. 63, 79, 326 S.E.2d 863, 873 (1985) ("[A] formula based on a ratio established by the parties' disposable income figures seems a fair method to apply . . . . The judge's use of a ratio seems to be supported by logic and reason, based upon simple mathematics rather than simple guesswork."); *Hamilton v. Hamilton*, 57 N.C. App. 182, 184, 290 S.E.2d 780, 781 (1982) (encouraging trial courts' use of formulas to promote consistency in the amount of awards, particularly when "considerations of fairness dictate a substantial departure from the standard award"). The trial court may, upon remand, again use a formula, so long as it is based on logic and reason and reaches a result consistent with the child's reasonable needs in light of the parties' accustomed standard of living and Mr. Spicer's ability to pay.

## III. THE TRIAL COURT'S AWARD OF ATTORNEYS' FEES

[8] Mr. Spicer lastly contends that the trial court erred in awarding fees to Ms. Spicer's counsel, arguing (1) that the trial court failed to make sufficient findings of fact to support an award of fees and (2) that the court "randomly" calculated the number of hours to be compensated. We find that the trial court did not err in its award of fees.

N.C. Gen. Stat. § 50-13.6 (2003) provides, in relevant part:

> In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; provided however, should the court find as a fact that the supporting party has initiated a frivolous action or proceeding the court may order payment of reasonable attorney's fees to an interested party as deemed appropriate under the circumstances.

An award of attorneys' fees is within the sound discretion of the trial judge. *Stanback v. Stanback*, 287 N.C. 448, 462, 215 S.E.2d 30, 40 (1975). When that discretion has been properly exercised in accordance with the statutory requirements, the order must be affirmed on appeal. *Id.*

In construing N.C. Gen. Stat. § 50-13.6, our courts have distinguished between fee awards in proceedings solely for child support and fee awards in actions involving both custody and support. *Stanback*, 287 N.C. at 462, 215 S.E.2d at 40. Before a court may award fees in an action solely for child support, the court must make the required finding under the second sentence of the statute: that the party required to furnish adequate support failed to do so when the action was initiated. *Id.* On the other hand, when the proceeding or action is for both custody and support, the court is not required to make that finding. *Id.* ("The General Assembly, having limited the second provision to support actions, apparently did not intend the requirement to apply to custody or custody and support actions.").

SPICER v. SPICER

[168 N.C. App. 283 (2005)]

A case is considered one for both custody and support when both of those issues were contested before the trial court, even if the custody issue is resolved prior to the support issue being decided. *See, e.g., Taylor v. Taylor*, 343 N.C. 50, 54, 468 S.E.2d 33, 35 (1996) ("The instant action is properly characterized as one for 'custody and support' because both the custody and support actions were before the trial court [at] the times the case was called for trial."); *Forbes v. Forbes*, 72 N.C. App. 684, 685, 325 S.E.2d 272, 273 (1985) ("In this case both custody and support were contested. The plaintiff was not deprived of the right to have attorney fees because the order for custody was entered before the order for support."). In this case, the record shows that the custody issue had not yet been resolved when the support hearing began. The case was, therefore, one for both custody and support.

As a result, the sole required findings were that the party seeking fees (1) acted in good faith and (2) lacks the means to defray the expense of the suit. *Gibson v. Gibson*, 68 N.C. App. 566, 574, 316 S.E.2d 99, 105 (1984). The trial court made the necessary findings and our review of the record reveals that each of those findings was supported by competent evidence.

As to defendant's contention that the court "randomly" calculated the number of hours for which Ms. Spicer's counsel should be paid, our review of the record reveals that the trial court based its calculation on an extensive discussion with Ms. Spicer's counsel as well as careful consideration of his affidavit stating the number of hours he worked on Ms. Spicer's custody and support claims. The trial court's fee award does not appear manifestly unreasonable and, therefore, does not constitute an abuse of discretion.

Conclusion

We affirm the trial court's ruling with respect to Mr. Spicer's recurring income, its inclusion of the trust as non-recurring income, and its award of attorneys' fees and expenses. We remand, however, for further findings of fact as to the reasonable needs of the child. The decision whether to hear additional evidence is left to the sound discretion of the trial judge.

Affirmed in part and remanded in part.

Judges BRYANT and ELMORE concur.