PATRICIA LEE FROST
v.
JORGE A. DOMINGUEZ.
No. COA07-1429
Court of Appeals of North Carolina
Filed August 5, 2008
This case not for publication
Lane & Lane, PLLC, by Freddie Lane, Jr. and Meleisa C. Rush-Lane, for Defendant-Appellant.
Lewis, Deese & Nance, LLP, by Renny W. Deese, for Plaintiff-Appellee.
STEPHENS, Judge.
Plaintiff and Defendant were married on 22 April 1994 and separated in August 1995. Their child was born on 25 January 1996. Plaintiff filed a complaint for absolute divorce, child custody, child support, and equitable distribution on 19 August 1997. Defendant filed an answer and counterclaims on 17 October 1997. Plaintiff filed her reply on 19 December 1997.
On or about 8 April 2002, an order of custody was rendered.[1] On or about 3 November 2003, Defendant filed motions to modify custody, for psychological evaluation, and for modification of child support. Plaintiff responded on 16 April 2004 and included a counter motion for modification of child support and a motion for attorney's fees.
An order granting Defendant temporary custody of the child and ordering psychological testing was entered on 20 July 2004. On 14 September 2004, an order was entered granting Plaintiff visitation. On 17 September 2004, Plaintiff was granted secondary physical custody of the child.
On 12 November 2004 and 28 February 2005, orders were entered granting Defendant child support. On 9 December 2004, the temporary custody order was dissolved and Plaintiff was granted primary physical custody. An amended order was entered on 27 January 2005, reinstating an earlier order of child support to Plaintiff. On 15 September 2005, Defendant was granted visitation.
On 24 April 2006, Defendant filed a motion in the cause for contempt and a motion for issuance of a show cause order for Plaintiff's alleged failure to "work together to make sure the minor child [was] issued a passport[,]" as ordered by the court. A show cause order was entered by the Clerk of Superior Court of Cumberland County. On 17 May 2006, an order of dismissal of Defendant's motion was entered for Defendant's failure to appear and prosecute the action.
Upon motions of the parties for medical cost reimbursement, child support reimbursement, attorney's fees, and miscellaneous issues, the trial court conducted a hearing and entered an order on 29 June 2006 resolving the custody and support issues. The trial court "received the [parties'] affidavits as to counsel fees, and [took] that matter under advisement" for "determination at a later date." On 13 June 2007, an order was entered granting Plaintiff attorney's fees in the amount of $5,500.
From the order granting Plaintiff attorney's fees, Defendant appeals, contending that the trial court erred in awarding attorney's fees to Plaintiff.
An award of attorney's fees in a child custody and/or support action is governed by N.C. Gen. Stat. § 50-13.6 which provides, in pertinent part:
In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit.
N.C. Gen. Stat. § 50-13.6 (2007). Accordingly,
[i]n a custody suit or a custody and support suit, the trial judge, pursuant to the first sentence in [N.C. Gen. Stat. §] 50-13.6, has the discretion to award attorney's fees to an interested party when that party is (1) acting in good faith and (2) has insufficient means to defray the expense of the suit. The facts required by the statute must be alleged and proved to support an order for attorney's fees. Whether these statutory requirements have been met is a question of law, reviewable on appeal. When the statutory requirements have been met, the amount of attorney's fees to be awarded rests within the sound discretion of the trial judge and is reviewable on appeal only for abuse of discretion.
Hudson v. Hudson, 299 N.C. 465, 472, 263 S.E.2d 719, 723 (1980) (internal citations omitted).
Insufficient means has been interpreted by our cases to mean that the party is "unable to employ adequate counsel in order to proceed as litigant to meet the other spouse as litigant in the suit." Id. at 474, 263 S.E.2d at 725. "With regard to this determination, a court should generally focus on the disposable income and estate of just that [party], although a comparison of the two [parties'] estates may sometimes be appropriate." Barrett v. Barrett, 140 N.C. App. 369, 374, 536 S.E.2d 642, 646 (2000) (citing Van Every v. McGuire, 348 N.C. 58, 62, 497 S.E.2d 689, 691 (1998) ("[W]hile the trial court should focus on the disposable income and estate of defendant, it should not be placed in a straitjacket by prohibiting any comparison with plaintiff's estate, for example, in determining whether any necessary depletion of defendant's estate by paying her own expenses would be reasonable or unreasonable.")).
In this case, the trial judge made the findings necessary pursuant to N.C. Gen. Stat. § 50-13.6 for a child custody and/or support suit. However, the finding that Plaintiff "had insufficient means to defray the entire expenses" of the suit is not supported by the evidence and therefore cannot stand.
The record reveals that in its order from the 13 August 2004 child support hearing, the trial court found that "Plaintiff currently has a gross monthly income of approximately $5,369[]" and "Defendant has a gross monthly income of approximately $4,408[.]" As Plaintiff has two adopted children living in her home, for the purposes of the North Carolina Child Support Guidelines, the trial court further found that Plaintiff's adjusted monthly gross income was approximately $4,360.
At the 5 June 2006 hearing upon the parties' claims for attorney's fees, Defendant's counsel stated:
If you will note at the last Child Support Hearing [on 13 August 2004] pay information was introduced for both parties to come to the Child Support amount and [Plaintiff], with her retirement, both parties are retired; and she works a full-time job and [Defendant] works a full-time job. [Plaintiff] makes more than [Defendant's] current income. [Plaintiff's] income at this time is more than [Defendant's] income, Your Honor.
Although Plaintiff submitted an affidavit which detailed $7,637.50 in attorney's fees incurred from 12 December 2003 to 22 February 2006, Plaintiff presented no evidence regarding her disposable income or estate, or lack thereof. The only information before the trial court regarding Plaintiff's financial status and ability to defray the costs of litigation was the order from the 13 August 2004 hearing and defense counsel's uncontradicted assertion that Plaintiff made more money than Defendant.
Plaintiff asserts that the fact that Plaintiff's adjusted gross income was less than Defendant's, coupled with the parties' agreement that Plaintiff pay temporary child support in the amount of $400 per month instead of the presumptive amount of $471, supports the trial court's award of attorney's fees. However, this is not evidence of Plaintiff's disposable income or estate which would allow a trial court to determine that Plaintiff had insufficient means to defray the costs of litigation.
Relying on Leary v. Leary, 152 N.C. App. 438, 567 S.E.2d 834 (2002), Plaintiff further asserts that "[w]hen the foregoing is coupled with the fact that [] Defendant did not pay the outstanding medical expenses that he had been directed to pay . . ., a presumption that [] Plaintiff had `insufficient means' is presented." In Leary, the Court of Appeals affirmed the trial court's award of $600 in attorney's fees to defendant where defendant was without sufficient means to defray the costs of litigation. Both parties filed affidavits of financial standing and the trial court "reviewed the incomes of the parties, the expenses of the parties, and the reasonable needs of the minor children." Id. at 439, 567 S.E.2d at 836. The trial court found plaintiff's monthly adjusted gross income to be $3,066.64 and defendant's monthly gross income to be $1,733.32. The trial court also found that defendant had been paying all day care costs and uninsured medical expenses incurred on behalf of the minor children during the previous two years and that defendant was "still making monthly payments for at least two medical bills incurred by the children, with balances outstanding to date." Id. at 441, 567 S.E.2d at 836. Based on these findings, the trial court found that defendant did not have "the means or ability to pay her reasonable attorney's fees[,]" id. at 441, 567 S.E.2d at 837, and the Court of Appeals affirmed that determination. Unlike in Leary where defendant submitted evidence of her daily living expenses, including payment of all child care and medical expenses for the parties' two children and her debt resulting therefrom, here, Plaintiff offered no evidence of her living expenses or of any debt. Additionally, unlike in Leary where defendant had incurred debt paying all the childrens' expenses, here Defendant only owed Plaintiff a net total of $74.19 for medical expenses incurred on behalf of the child as Plaintiff owed Defendant $800 in back child support. Accordingly, unlike the evidence in Leary, the evidence in this case does not support the trial court's finding that plaintiff meets the statutory requirement of having insufficient means to defray the expense of the lawsuit. As this requirement is a prerequisite to any award of attorney's fees under N.C. Gen. Stat. § 50-13.6, plaintiff has not proved entitlement to attorney's fees under this statute.
Citing N.C. Gen. Stat. § 1A-1, Rule 11 and N.C. Gen. Stat. § 6-21.5, Plaintiff alternatively asserts that [w]here the trial court notes the recalcitrant behavior of Defendant, his failure to prosecute motions, and failure to comply with the court's orders, the attorney's fee award is altogether appropriate, although it may not have been articulated as a sanction . . . or award of costs.
Plaintiff further argues that her "requirement for counsel spanned many years, including not only modification motions, but issues in the nature of contempt" where "the `insufficient means' test[] is inapplicable." However, even if the trial court had the statutory authority to sanction Defendant or award attorney's fees pursuant to a statute other than N.C. Gen. Stat. § 50-13.6, the court made no findings of fact or conclusions of law to support a sanction or award under any alternate statute or theory. Thus, Plaintiff's arguments lack merit.
Accordingly, for the reasons stated above, the trial court's order is reversed.
REVERSED.
Judges HUNTER and STEELMAN concur.
Report per Rule 30(e).
NOTES
[1] The record is silent as to the terms of the order or why a period of years passed between the filing of the parties' respective pleadings and the rendering of the order.